T.C. Memo. 2007-11

UNITED STATES TAX COURT

JOANNE C. AUSTIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8766-06.                    Filed January 16, 2007.

Joanne C. Austin, pro se.

<u>Joan E. Steele</u> and <u>Melinda G. Williams</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This deficiency case is before
the Court on respondent's Motion To Dismiss For Lack Of
Jurisdiction, as supplemented.  Respondent moves that this case
be dismissed on the ground that the petition was not filed within

the time prescribed by section 6213(a) or section 7502.[1]  As explained below, we shall grant respondent's motion.

## Background

Respondent sent a notice of deficiency to petitioner by certified mail on February 6, 2006.[2]  In the notice, respondent determined a deficiency in petitioner's Federal income tax for the taxable year 2000 of $21,997, as well as additions to tax of $4,298.62 under section 6651(a)(1) for failure to file a return, $4,776.25 under section 6651(a)(2) for failure to pay tax, and $1,010.24 under section 6654(a) for failure to pay estimated tax.

The 90th day after respondent mailed the notice of deficiency was Sunday, May 7, 2006.  The following day, Monday, May 8, 2006, was not a legal holiday in the District of Columbia.

The petition was received and filed by the Court on Wednesday, May 10, 2006.[3]  The envelope in which the petition was received bore a FedEx Express USA Airbill with handwritten entries dated May 8, 2006 (customer handwritten label).  The customer handwritten label specifies "FedEx Priority Overnight-- Next business morning" as the requested delivery service.  Affixed to the envelope is an electronically generated FedEx

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Petitioner's last known address is not at issue.

[3]  Petitioner resided in Longmont, Colorado, at the time that the petition was filed.

Priority Overnight service label dated May 9, 2006 (FedEx electronically generated label). The FedEx electronically generated label specifies Wednesday, May 10, 2006, as the "Deliver By" date. The FedEx electronically generated label also identifies a FedEx employee number and provides a tracking number (TRK# 8461 9487 1417) for the envelope.

Tracking information furnished by FedEx shows that the envelope in question was picked up at 5:22 p.m. on Tuesday, May 9, 2006, and delivered at 9:09 a.m. on Wednesday, May 10, 2006.[4]

As stated above, respondent filed a Motion To Dismiss For Lack Of Jurisdiction on the ground that the petition was not filed with the Court within the time prescribed by section 6213(a) or section 7502.

Petitioner filed an objection to respondent's motion to dismiss. In her objection, petitioner contends that her petition was timely filed. In this regard, petitioner states: That on May 4, 2006, she flew to Baltimore, Maryland, to attend a trade show; that she stayed at the Days Inn while in Baltimore; that she signed the petition on Sunday, May 7, 2006; that she completed the customer handwritten label at about 8 a.m. on Monday, May 8, 2006, and affixed it to the FedEx envelope; that she placed the petition in the FedEx envelope, which she then

---

[4] After processing the mail and other deliveries, the Court's mailroom clocked in the petition later that morning at 10:22 a.m.

handed to the front desk clerk of the Days Inn with the understanding that the envelope would be picked up later that day by FedEx; that the front desk clerk placed the envelope in the hotel's "pickup box"; and that, upon returning to the hotel after the trade show later that day, she inquired about the envelope and was told by a front desk clerk that the "pickup box" was empty. In sum, petitioner asserts that "There was no reason for me to think that my FEDEX package had not been picked up on the 8th."

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared and offered argument in support of respondent's motion to dismiss. In contrast, there was no appearance by or on behalf of petitioner, nor did petitioner file a statement pursuant to Rule 50(c), the provisions of which were explained in the Court's order calendaring respondent's motion for hearing.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). This Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with this Court for a redetermination of the contested deficiency. Sec. 6213(a).

There is no dispute in this case that respondent mailed the notice of deficiency to petitioner on February 6, 2006. The 90th day thereafter was Sunday, May 7, 2006. Thus, the last day allowed by law to file a petition in this case was Monday, May 8, 2006, which was not a legal holiday in the District of Columbia. See secs. 6213(a), 7503. However, as previously stated, the petition was not received or filed by the Court until Wednesday, May 10, 2006.

Petitioner contends that her petition was timely filed because she gave it to the front desk clerk of the Days Inn on the morning of Monday, May 8, 2006, for pickup later that day by FedEx.

A timely mailed petition may be treated as though it were timely filed. Sec. 7502(a). Thus, if a petition is received by the Court after the expiration of the 90-day period, it is nevertheless deemed to be timely filed if the date of the U.S. Postal Service postmark stamped on the envelope in which the

petition was mailed is within the time prescribed for filing. Sec. 7502(a); sec. 301.7502-1, Proced. & Admin. Regs.

Petitioner did not use the U.S. Postal Service to send her petition to the Court. Nevertheless, petitioner contends that sending her petition by FedEx qualifies as timely mailing.

Section 7502(f)(1) provides as follows:

SEC. 7502(f). Treatment of Private Delivery Services.--

(1) In general.--Any reference in this section to the United States mail shall be treated as including a reference to any designated delivery service, and any reference in this section to a postmark by the United States Postal Service shall be treated as including a reference to any date recorded or marked as described in paragraph (2)(C) by any designated delivery service.

Paragraph (2)(C) of section 7502(f) requires that a designated delivery service "[record] electronically to its data base, kept in the regular course of its business, or marks on the cover in which any item referred to in this section is to be delivered, the date on which such item was given to such trade or business for delivery".

In Notice 2004-83, 2004-2 C.B. 1030, the Commissioner designated (inter alia) FedEx Priority Overnight delivery service as a private delivery service (PDS). However, respondent contends that the postmark date for purposes of section 7502 is May 9, 2006, which would make the petition 1 day late and would necessitate the granting of respondent's motion to dismiss.

Notice 97-26, 1997-1 C.B. 413, establishes special rules for deliveries by a PDS to determine the date that will be treated as

the postmark date for purposes of section 7502.[5]  Notice 97-26,

1997-1 C.B. at 414, provides in pertinent part:

> SPECIAL RULES FOR DETERMINING POSTMARK DATE:
> Section 7502(f)(2)(C) requires a PDS to either (1)
> record electronically to its data base (kept in the
> regular course of its business) the date on which an
> item was given to the PDS for delivery or (2) mark on
> the cover of the item the date on which an item was
> given to the PDS for delivery.  Under § 7502(f)(1), the
> date recorded or the date marked under § 7502(f)(2)(C)
> is treated as the postmark date for purposes of § 7502.
>
> This notice provides rules for determining the
> date that is treated as the postmark date for purposes
> of § 7502.  There is one set of rules for the
> designated PDSs that qualified for designation because
> their  "postmark date" is recorded electronically to
> their data bases.  There is another set of rules for
> the designated PDS that qualified for designation
> because its "postmark date" is marked on the cover of
> an item.

For items delivered by FedEx, Notice 97-26, 1997-1 C.B. at

414, provides:

> An electronically generated label is applied to
> the cover of all items delivered by FedEx, including
> those items that already have an airbill attached.  The
> date on which an item is given to FedEx for delivery is
> marked on the label.  There are two types of labels
> (which are distinguishable from each other).  One type
> of label is generated and applied to an item by a FedEx
> employee.  The other type of label is generated (using
> computer software and/or hardware provided by FedEx)
> and applied to an item by a customer.

---

[5]  Although Notice 97-26, 1997-1 C.B. 413, has been modified
over the years on several occasions, it continues to provide the
special rules, as applicable to domestic service, to determine
the date that will be treated as the postmark date for purposes
of sec. 7502.  See Notice 2004-83, 2004-2 C.B. 1030.

The date that will be treated as the postmark date for purposes of § 7502 is determined under the following rules:

(1) If an item has a label generated and applied by a FedEx employee, the date marked on that label is treated as the postmark date for purposes of § 7502, regardless of whether the item also has a label generated and applied by the customer.

Petitioner contends that, by virtue of section 7502(f), her petition should be treated as having been timely filed on the basis of the fact that she gave it to a hotel desk clerk on Monday, May 8, 2006, for pickup by FedEx later that day and further because she was told by a hotel desk clerk at the end of the day that the hotel's "pickup box" was empty. We disagree. The date of May 9, 2006, appearing on the FedEx electronically generated label, which appears to have been generated and applied by a FedEx employee, is treated as the postmark date for purposes of section 7502. See sec. 7502(f)(2)(C); see also Notice 97-26, supra.

The circumstances here are analogous to cases in which the U.S. Postal Service postmark is dated beyond the last date for filing a petition. In those cases, this and other courts have consistently held for many years that the taxpayer is precluded from introducing extrinsic evidence to show that the petition may have been deposited into the mail before the last date for its timely filing. E.g., Shipley v. Commissioner, 572 F.2d 212, 214 (9th Cir. 1977), affg. T.C. Memo. 1976-383; Malekzad v.

Commissioner, 76 T.C. 963, 967-968 (1981); Estate of McGarity v. Commissioner, 72 T.C. 253 (1979); Sylvan v. Commissioner, 65 T.C. 548, 551 (1975); Adkison v. Commissioner, T.C. Memo. 1992-411. Like the presence of a U.S. Postal Service postmark, the date of May 9, 2006, on the FedEx electronically generated label is legally conclusive, and petitioner cannot go behind that fact.

The result in this case is not changed by the label on the FedEx envelope affixed and dated May 8, 2006, by petitioner. Notice 97-26, 1997-1 C.B. at 414, provides as follows:

> (2) If an item has a label generated and applied by a customer, the date marked on that label is treated as the postmark date for purposes of § 7502 if the item is received within the normal delivery time. (Normal delivery time is one day for FedEx Priority Overnight and FedEx Standard Overnight, or two days for FedEx 2 Day.) If an item is not delivered within the normal delivery time, the person required to file the document or to make the payment must establish (a) that the item was actually either given to, or picked up by, a FedEx employee on or before the due date and (b) the cause of the delay in delivery of the document or payment. These rules are similar to the rules for United States mail that has a postmark made other than by the United States Postal Service. (See Treas. Reg. § 301.7502-1(c)(1)(iii)(b).)[6]

The date on the label is May 9, 2006. The petition was delivered the next day on May 10, 2006, within the normal time

---

[6] This second type of label presupposes software and/or hardware provided by FedEx to its customer. See Notice 97-26, supra. Petitioner has not even alleged either that she was provided with such software and/or hardware or that she prepared the label using such software and/or hardware. In addition, and as previously stated, the FedEx USA Airbill, which is not the type of label specified in Notice 97-26, supra, was prepared by hand; this fact further strengthens our conclusion that the FedEx electronically generated label was generated and affixed by a FedEx employee and not by petitioner.

for FedEx Priority Overnight delivery.  Thus, the date on the label is treated as the postmark date for purposes of section 7502.  See Notice 97-26, <u>supra</u>.

The Days Inn where petitioner left the petition for pickup by FedEx is not a PDS.  See Notice 2004-83, <u>supra</u>.  Thus, the handing-over of the petition to the Days Inn front desk clerk on May 8, 2006, does not help petitioner.[7]

Finally, petitioner argues that she did nothing wrong in handing over her petition to the Days Inn front desk clerk on May 8, 2006.  However, even if we were inclined to do so, the Court cannot rely on general equitable principles to expand the statutorily prescribed period for filing the petition.  See and compare <u>Woods v. Commissioner</u>, 92 T.C. 776, 784-785 (1989).

---

[7] Compare <u>Estate of Cranor v. Commissioner</u>, T.C. Memo. 2001-27, where we held that a petition sent by FedEx 4 days before the last filing date was timely mailed, even though it was not delivered, but rather returned to the sender because the sender, who had properly addressed the airbill, had erroneously checked the "Hold Saturday" box thereon.

Under these circumstances, we conclude that the petition was not filed within the requisite period prescribed by section 6213(a). Consequently, this case must be dismissed for lack of jurisdiction.[8]

To reflect the foregoing,

> An order granting respondent's motion as supplemented and dismissing this case for lack of jurisdiction because of an untimely filed petition will be entered.

---

[8] Although petitioner cannot pursue her case in this Court, she is not without a judicial remedy. Specifically, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and, if her claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970).