T.C. Memo. 2007-72

UNITED STATES TAX COURT

RONALD S. RACZKOWSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20557-06.                    Filed March 29, 2007.

Ronald S. Raczkowski, pro se.

<u>Blake W. Ferguson</u> and <u>Ronald J. Goldstein</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed November 17, 2006.  Respondent moves to dismiss this case on the ground that the petition was not filed within the time prescribed

by section 6213(a) or section 7502.[1]  As explained below, we shall grant respondent's motion to dismiss.

Background

Petitioner resided in Chapel Hill, North Carolina, when the petition was filed in this case.

On Friday, July 7, 2006, respondent mailed a notice of deficiency to Ronald S. Raczkowski (petitioner).  In the notice, respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 2003 and 2004 in the amounts of $40,634 and $7,994, respectively.  The notice was sent to petitioner by certified mail at his home address.  Petitioner received the notice of deficiency on Tuesday, July 11, 2006.

The first page of the notice of deficiency states as follows:  "Last Day to File a Petition With The United States Tax Court:  October 5, 2006".

On Tuesday, October 10, 2006, petitioner filed a petition with this Court seeking a redetermination of the deficiencies determined by respondent in the notice of deficiency.  The petition, which is dated Friday, October 6, 2006, was delivered to the Court by United Parcel Service of America, Inc. (UPS), a private delivery service (PDS), in an "Express Pad Pak" indicating that it had been sent by "UPS Ground" service.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at the time that the petition was filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The address appearing on the petition is petitioner's home address; i.e., the same address to which the notice of deficiency was sent. The return address appearing on the UPS label on the "Express Pad Pak" in which the petition was sent to the Court is Pak Mail Center 470, 11312 US Route 15-501 North, Chapel Hill, North Carolina 27517. Pak Mail Center is an authorized agent for UPS.

In his petition, petitioner expressly references the July 7, 2006 notice of deficiency, and he attached a copy of that notice to his petition as an exhibit.

As indicated, respondent filed a Motion To Dismiss For Lack Of Jurisdiction on November 17, 2006. In the motion, respondent contends that dismissal for lack of jurisdiction is required because petitioner failed to file a timely petition. Respondent attached to the motion as an exhibit electronic tracking information from UPS regarding the aforementioned "Express Pad Pak". That information indicates that the "Express Pad Pak" was received by UPS at 3:40 p.m. on October 6, 2006.

Petitioner filed a Notice Of Objection to respondent's motion on December 11, 2006. Therein, petitioner states: "The filing of the petition was placed in the post on the day designated for filing." No further information is provided, and no documentation is attached as an exhibit.

Thereafter, by Order dated December 29, 2006, the Court directed petitioner to supplement his Notice Of Objection by

> setting forth who prepared the petition, who placed the petition in the mail, the location where the petition was deposited into the mail, and the circumstances surrounding the purported mailing of the petition to the Tax Court on or before October 5, 2006, which petitioner appears to allege in numbered paragraph 1. of his Objection and * * * attach to that supplement copies of any documents establishing the timely mailing of the petition to the Court on or before October 5, 2006.

On January 23, 2007, petitioner responded to the aforementioned Order by filing a Supplement To Objection. In it, petitioner states as follows:

> The petition was prepared by myself, Ronald S. Raczkowski. I placed the petition in the mail at the Estes Road post office on the evening of October 5, 2006. The mail apparently did not get picked up until October 6, 2006. I do not have any documents which establish the above situation.

A hearing on respondent's motion was held in Washington, D.C., on March 7, 2007. At that time, counsel for respondent appeared and argued in support of the pending motion. In contrast, there was no appearance by or on behalf of petitioner, nor did petitioner file a written statement pursuant to Rule 50(c), the provisions of which were noted by the Court in its Order calendaring respondent's motion for hearing.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). This Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. Indeed, if the notice is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is immaterial. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a). A petition is timely if it is filed with the Court within 90 days after the notice of deficiency is mailed. Id. By virtue of section 7502, a petition that is timely mailed is deemed to be timely filed.

There is no dispute in this case that respondent mailed the notice of deficiency to petitioner on July 7, 2006, or that the 90th day following the mailing of the notice of deficiency in this case was Thursday, October 5, 2006. Thus, the last day allowed by law to file a petition in this case was Thursday, October 5, 2006, which was not a legal holiday in the District of Columbia. See sec. 6213(a). The petition in this case was not filed with the Court until October 10, 2006.

Petitioner contends that the petition was timely mailed. However, the fact that petitioner dated the petition October 6, 2006, which date is the 91st day after the mailing of the notice of deficiency, belies that contention. Nevertheless, we shall assume arguendo that petitioner postdated the petition and address his contention.[2]

In his Supplement To Objection, petitioner alleges that he "placed the petition in the mail at the Estes Road post office on the evening of October 5, 2006." However, there are two problems with this contention.

First, the record conclusively demonstrates that the petition was dispatched to, and arrived at, the Court through a PDS, namely, UPS. It was not sent to the Court through the U.S. mail.

---

[2] We should emphasize that there is no persuasive evidence whatsoever that petitioner did postdate the petition.

Second, electronic tracking information from UPS demonstrates that the "Express Pad Pak" containing the petition was received by UPS at 3:40 p.m. on October 6, 2006, the 91st day after the mailing of the notice of deficiency.

If we assume, arguendo, that petitioner delivered the petition to Pak Mail Center, UPS's authorized agent, "on the evening of October 5, 2006", but that the "Express Pad Pak" was not acknowledged as received by UPS until 3:40 p.m. on October 6, 2006, we would still be constrained to grant respondent's motion and dismiss this case for lack of jurisdiction.[3]

The timely mailing/timely filing rule of section 7502 applies not only if the taxpayer sends a petition through the United States mail but also if the taxpayer sends the petition using a PDS designated by the Commissioner. Insofar as UPS is concerned, only UPS Next Day Air, UPS Next Day Air Saver, UPS 2nd Day Air, UPS 2nd Day Air A.M., UPS Worldwide Express Plus, and UPS Worldwide Express have been designated by the Commissioner as a PDS. See sec. 7502(f); Notice 2004-83, 2004-2 C.B. 1030. UPS

_____

[3] We should emphasize that there is no persuasive evidence whatsoever that petitioner delivered the petition to UPS's agent "on the evening of October 5, 2006". Undoubtedly, petitioner received a receipt from Pak Mail Center for the cost incurred in having the "Express Mail Pac" delivered to the Court in Washington, D.C.; yet he tells us that "I do not have any documents which establish the above situation." We could infer, therefore, that a receipt or similar documentation would be unfavorable to petitioner's case. See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Ground has not been designated by the Commissioner as a PDS. Notice 2004-83, supra. Thus, the timely mailing/timely filing rule of section 7502 does not apply to UPS Ground service. See Notice 2004-83, supra; Notice 97-26, 1997-1 C.B. 413.

Even if the timely mailing/timely filing rule of section 7502 did apply to UPS Ground service, we would still be constrained to grant respondent's motion and dismiss this case for lack of jurisdiction. Pursuant to Notice 97-26, supra, the date on which an item is recorded electronically to the database of UPS is treated as the postmark date for purposes of section 7502. Extrinsic evidence would not be admissible to contradict that postmark date. Austin v. Commissioner, T.C. Memo. 2007-11.

In view of the foregoing, we hold that the petition in this case was not timely filed pursuant to either section 6213(a) or section 7502. Accordingly, we shall grant respondent's Motion To Dismiss For Lack Of Jurisdiction, and we shall dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed.[4]

---

[4] We note that although petitioner cannot pursue a case in this Court, he is not without a judicial remedy. Thus, petitioner may pay the determined liabilities, file a claim for refund with the Internal Revenue Service, and, if the claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).

To reflect the foregoing,

An Order dismissing
this case for lack of
jurisdiction will be entered.