T.C. Memo. 2007-243

UNITED STATES TAX COURT

GREGORY ALAN LINDSTROM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23478-06.                      Filed August 23, 2007.

Gregory Alan Lindstrom, pro se.

Molly H. Donohue, for respondent.

MEMORANDUM OPINION

GALE, Judge:  This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent's motion contends that the Court lacks jurisdiction because the petition was not timely filed.  Petitioner argues that the notice of deficiency was invalid because it was not mailed to his "last known address"; that respondent's failure to

use the last known address is not cured by petitioner's actual receipt, because petitioner had insufficient time after receipt to file a petition; and, in the alternative, that the petition was timely. The Court conducted a hearing at which the parties proffered evidence in support of their respective positions.

## Background

At the time the petition was filed, petitioner, Gregory Alan Lindstrom, resided in Massachusetts.

In January 2006, petitioner moved from 954 State Route 20, New Lebanon, New York 12125 (New Lebanon address) to 38 Ensign Street, Dalton, Massachusetts 01226 (Dalton address). Petitioner filed a Change of Address form with the U.S. Postal Service (USPS) indicating his move to the Dalton address on January 27, 2006. Petitioner subsequently moved from the Dalton address to 241 2nd Street, Pittsfield, Massachusetts 01201 (Pittsfield address) prior to his receipt of the notice of deficiency and again notified the USPS of his change of address.

Respondent mailed a notice of deficiency with respect to petitioner's 2002 taxable year to the New Lebanon address. Respondent's receipt for certified mail[1] records that the notice of deficiency was deposited with the USPS on August 14, 2006, which is also the date on the face of the notice. No postmark appears on the envelope in which the notice of deficiency was

---

[1] USPS Form 3877, Firm Mailing Book for Accountable Mail.

sent. On August 18, 2006, the USPS affixed a label bearing that day's date and the Pittsfield address to the envelope containing the notice, and forwarded the notice to the Pittsfield address. Petitioner admits that he received the notice of deficiency on August 30, 2006, 75 days before the statutory deadline for filing a petition in this Court with respect to the notice of deficiency (November 13, 2006[2]).

Petitioner prepared and signed a petition using this Court's one-page petition form (T.C. Form 2). Paragraph 4 of the form petition, which permits the taxpayer to "Set forth the relief requested and the reasons why you are entitled to such relief", had an entry of six sentences.

The petition was undated. Petitioner used a private delivery service, FedEx, to deliver his petition to the Court. The FedEx envelope which contained the petition bears an electronically generated label with a "Ship Date" denoted as November 14, 2006, and the notation "Standard Overnight". The petition was received and filed by the Court on November 15, 2006.

---

[2] The 90th day after the Aug. 14, 2006 mailing of the notice of deficiency was Nov. 12, 2006, which was a Sunday. The notice of deficiency also stated that the last day on which to file a petition with this Court was Nov. 13, 2006.

## Discussion

In a deficiency case, our jurisdiction depends upon the Commissioner's issuing a valid notice of deficiency to the taxpayer and the taxpayer's timely filing a petition in this Court. Frieling v. Commissioner, 81 T.C. 42, 46 (1983); Bjelk v. Commissioner, T.C. Memo. 1998-169. Generally, a petition is timely if it is filed within 90 days following the date that the notice of deficiency was mailed. Sec. 6213(a).[3] When a petition is not filed within the applicable period with respect to a valid notice of deficiency, the case must be dismissed for lack of jurisdiction. Masino v. Commissioner, T.C. Memo. 1998-118 (citing Pugsley v. Commissioner, 749 F.2d 691, 692 (11th Cir. 1985)).

Petitioner argues that the 90-day period provided by section 6213(a) began August 18, 2006, when the USPS forwarded the notice of deficiency to its final destination. We disagree. Section 6213(a) plainly provides that, except where a notice of deficiency is addressed to a person outside the United States, a Tax Court petition may be filed within 90 days of the date that the notice "is mailed". In the absence of a postmark on the envelope itself, the date stamped on the Commissioner's certified mail receipt is the "next best evidence" of the date of mailing

---

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as in effect for the year in issue.

(and commencement of the 90-day period). Traxler v. Commissioner, 61 T.C. 97, 100 (1973), modified 63 T.C. 534 (1975). Here, the envelope contains no postmark, and the date on the certified mail receipt is August 14, 2006. We accordingly conclude that the notice was mailed on August 14, 2006, for the purpose of applying section 6213(a).

The 90th day following the date of mailing was Sunday, November 12, 2006. Section 6213(a) provides that a Sunday is not counted as the last day of the period. Consequently, the last day for filing a timely petition in this case was Monday, November 13, 2006. (The November 13, 2006 deadline was also stated on the face of the notice of deficiency, pursuant to section 3463(a) of the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, 112 Stat. 767.)

The petition in this case was received by the Court on November 15, 2006. However, a petition that is delivered to the Court after the expiration of the period provided by section 6213(a) shall be deemed timely if it bears a timely USPS postmark. Sec. 7502(a). Section 7502(f) provides that the petition may similarly be deemed timely when the taxpayer uses a "designated delivery service" rather than the USPS. The Commissioner has designated the private delivery service used by petitioner, FedEx Standard Overnight, as such a service for the purpose of section 7502. Notice 2004-83, 2004-2 C.B. 1030. In

these circumstances, the date on an electronically generated FedEx label, created and applied by a FedEx employee, is conclusive proof of the date of mailing equivalent to a USPS postmark.  Austin v. Commissioner, T.C. Memo. 2007-11; Notice 97-26, 1997-1 C.B. 413, 414.  We are persuaded that the electronically generated label on the FedEx envelope containing the petition was created and applied by a FedEx employee; the "Ship Date" of November 14, 2006, that appears on the label is therefore treated as the date of mailing for purposes of section 7502.  Consequently, the petition is not deemed timely under that section.

We next consider whether the notice of deficiency was valid. When the Secretary determines that there is a deficiency, "he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."  Sec. 6212(a).  Such notice of deficiency "shall be sufficient" if mailed to the taxpayer's last known address as specified in section 6212(b)(1).  Section 6212(b)(1) does not create a mandatory address to which a notice of deficiency must be mailed; rather, it is a "safe harbor" available to the Commissioner which renders a notice of deficiency valid irrespective of actual receipt.  Borgman v. Commissioner, 888 F.2d 916, 917 (1st Cir. 1989), affg. T.C. Memo. 1984-503; Mulvania v. Commissioner, 81 T.C. 65, 67-68 (1983). Section 6212(b)(1) does not invalidate other methods of

communication that result in actual notice to the taxpayer. Mulvania v. Commissioner, supra.

Consequently, petitioner's contention that the notice of deficiency was invalid because it was not sent to his last known address is without merit. In petitioner's circumstances, we need not and do not decide whether the notice of deficiency was mailed to petitioner at his last known address. See Mulvania v. Commissioner, supra at 66-67; Masino v. Commissioner, supra.

It is settled law that the validity of a notice of deficiency will be sustained when "mailing results in actual notice to the taxpayer without prejudicial delay". Mileti v. Commissioner, T.C. Memo. 1990-383; see, e.g., Miller v. Commissioner, 94 T.C. 316, 329-331 (1990); Mulvania v. Commissioner, supra at 67-69; Frieling v. Commissioner, supra at 52-53. Petitioner argues that receipt of the notice of deficiency 75 days prior to the deadline for filing the petition constituted prejudicial delay such that the notice of deficiency should be adjudged invalid. We do not agree.

Whether a taxpayer has been prejudiced by a delayed notice of deficiency is a question of fact. Looper v. Commissioner, 73 T.C. 690, 699 (1980). Petitioner contends that 75 days was insufficient time for him to prepare and file the petition because he had to locate and contact his former spouse who possessed the necessary records. The petition as filed, however,

consists of a single-page, standardized Tax Court form. The lengthiest portion of the form petition, on which petitioner set forth the relief requested and his reasons therefor, consists of six sentences. Therein, petitioner disputes the notice of deficiency's determination that he failed to file a return for 2002,[4] as well as the notice's treatment of two real estate transactions.

Considering the record as a whole, we are not persuaded that petitioner was prejudiced by the 16-day delay in receiving the notice of deficiency. Given the relative simplicity of the petition he filed, petitioner had ample time to prepare and file it when he received the notice of deficiency. Consequently, petitioner's receipt of the notice of deficiency 16 days after it was mailed did not constitute prejudicial delay.

We hold that the notice of deficiency herein is valid. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and this case will be dismissed for

---

[4] The petition asserts that "On April 15, 2002, a 2002 MARRIED FILING JOINTLY Taxpayer return was filed [sic]". (We assume that petitioner meant to aver that he timely filed the return on Apr. 15, 2003.) Respondent asserts in his response to petitioner's objection to the motion to dismiss that "On January 12, 2007, after issuance of the Notice of Deficiency for the 2002 tax year at issue in this case, respondent's service center in Andover received from petitioner and his spouse a Form 1040 for the tax year ending December 31, 2002." Petitioner thereafter apparently abandoned his claim of having filed timely; he has subsequently failed to address respondent's allegation that a Form 1040 for 2002 was not received until Jan. 12, 2007.

lack of jurisdiction on the grounds that the petition was untimely.

To reflect the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.