T.C. Summary Opinion 2010-117


UNITED STATES TAX COURT


ROGELIO AND STEPHANIE DARLENE MARTINEZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17698-09S.          Filed August 17, 2010.


Rogelio Martinez and Stephanie Darlene Martinez, pro sese.

Thomas R. Mackinson and Nicholas Doukas, for respondent.


ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed April 26, 2010. Respondent moves to dismiss this case on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502. As explained below, we shall grant respondent's motion.

## Background

At the time that the petition was filed, Rogelio and Stephanie Darlene Martinez (petitioners) resided in the State of California.

On April 20, 2009, respondent sent petitioners a notice of deficiency. The notice of deficiency, which was sent to petitioners by certified mail addressed to them at their last known address, determined a deficiency of $2,091 in their income tax for 2006. Petitioners received the notice of deficiency.

The first page of the notice of deficiency included the following statement: "If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the deficiency." Also included on the first page of the notice of deficiency was the

following statement: "Last Day to File a Petition With the United States Tax Court: JUL 20, 2009".

The 90th day after respondent mailed the notice of deficiency was Sunday, July 19, 2009. The following day, Monday, July 20, 2009, was not a legal holiday in the District of Columbia.

The petition, which was sent by FedEx Express (FedEx), was received and filed by the Court on Thursday, July 23, 2009. The envelope containing the petition bore two shipping labels. The first shipping label, which had been placed inside a clear plastic pouch adhered to the envelope, had been electronically generated by the sender using FedEx Ship Manager (customer-generated label).[2] The second shipping label, which had been affixed to the outside of the clear plastic pouch, had been electronically generated by FedEx (FedEx-generated label).

As relevant, the customer-generated label identifies the sender as Roger Martinez[3] and lists a business address in Bakersfield, California, and a business telephone number associated with that address. The customer-generated label also identifies the addressee as the United States Tax Court and lists

---

[2] According to the FedEx Web site, FedEx Ship Manager is software that "gives you [the customer] a full range of shipping functions right from your PC".
http://www.fedex.com/us/software/.

[3] Presumably, Roger Martinez and petitioner Rogelio Martinez are one and the same.

the Court's correct address and ZIP Code in Washington, D.C.[4]  In addition, the customer-generated label lists a "Ship Date" of "20JUL09" and a "TRK#" ending in 0915.  Finally, the customer-generated label specifies "2DAY" as the class of service requested by the shipper and lists the date of "WED-22JUL" as the anticipated date of delivery.[5]

The FedEx-generated label lists the same "TRK#" and the same "2DAY" class of service requested by the shipper as does the customer-generated label.  However, immediately opposite a FedEx employee number, the FedEx-generated label lists the date of "21JUL09" as the ship date, along with the date of "THU-23JUL" as the anticipated date of delivery.

For the envelope in question, the tracking feature of the FedEx Web site lists a "Ship date" of July 21, 2009, and a "Delivery date" of July 23, 2009.  As relevant, the "Shipment Travel History" of the tracking feature provides the following detail:

---

[4]  Oddly, however, the customer-generated label lists as the addressee's telephone number that of the U.S. Coast Guard (Eleventh District, Pacific Area Command) in Alameda, California.

[5]  FedEx offers several classes of delivery service within the United States.  "FedEx 2Day" generally offers delivery in 2 business days by 4:30 p.m.  See http://www.fedex.com.

| Date/Time | Activity | Location |
|---|---|---|
| Jul 20, 2009 6:34 PM | Shipment information sent to FedEx | [no entry] |
| Jul 21, 2009 3:32 PM | Picked up | Bakersfield, CA |
| Jul 21, 2009 5:48 PM | Left FedEx origin facility | Bakersfield, CA |
| Jul 23, 2009 5:55 AM | At dest sort facility | Washington, DC |
| Jul 23, 2009 8:28 AM | Delivered[6] | Washington, DC |

As stated above, respondent filed a Motion To Dismiss For Lack Of Jurisdiction on April 26, 2010, on the ground that the petition was not filed with the Court within the time prescribed by section 6213(a) or section 7502.  A hearing on respondent's motion was held in Fresno, California, on June 14, 2010.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  This Court's jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely-filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of

---

[6]  After processing the mail and other deliveries, the Court's Intake Section clocked the petition in later that morning at 9:36 a.m.

deficiency is mailed to file a petition with this Court for a redetermination of the contested deficiency.  Sec. 6213(a).

There is no dispute in this case that respondent mailed the notice of deficiency to petitioners on April 20, 2009.[7]  The 90th day thereafter was Sunday, July 19, 2009.  Thus, the last day allowed by law to file a petition in this case was Monday, July 20, 2009, which day was not a legal holiday in the District of Columbia.  See secs. 6213(a), 7503.  However, as previously stated, the petition was not received and filed by the Court until Thursday, July 23, 2009.  Thus, the petition was not timely filed, and respondent's motion to dismiss must be granted unless the petition is deemed to have been timely filed by virtue of having been timely mailed.

A timely mailed petition may be treated as though it were timely filed.  Sec. 7502(a).  Thus, if a petition is received by the Court after the expiration of the 90-day period, it is nevertheless deemed to be timely filed if the date of the U.S. Postal Service postmark stamped on the envelope in which the petition was mailed is within the time prescribed for filing.  Id.; sec. 301.7502-1, Proced. & Admin. Regs.

---

[7]  See Magazine v. Commissioner, 89 T.C. 321, 327 n.8 (1987) (holding that Postal Service Form 3877 represents direct evidence of the date of mailing of the notice of deficiency); see also Clough v. Commissioner, 119 T.C. 183, 187-188 (2002) (overruling various challenges by a taxpayer to the introduction into evidence by the Commissioner of Postal Service Form 3877).

Petitioners did not use the U.S. Postal Service to send their petition to the Court. Nevertheless, sending a petition by private delivery service (PDS) may be treated as timely mailing. In that regard, petitioners appear to rely on the customer-generated label showing a "Ship Date" of "20JUL09" and the acknowledgment by FedEx that shipment information was sent to it on July 20, 2009, at 6:34 p.m.

Section 7502(f)(1) provides as follows:

SEC. 7502(f). Treatment of Private Delivery Services.--

> (1) In general.--Any reference in this section to the United States mail shall be treated as including a reference to any designated delivery service, and any reference in this section to a postmark by the United States Postal Service shall be treated as including a reference to any date recorded or marked as described in paragraph (2)(C) by any designated delivery service.

Paragraph (2)(C) of section 7502(f) requires that a designated delivery service "[record] electronically to its data base, kept in the regular course of its business, or mark on the cover in which any item referred to in this section is to be delivered, the date on which such item was given to such trade or business for delivery".

In Notice 2004-83, 2004-2 C.B. 1030, the Commissioner designated (inter alia) FedEx 2Day delivery service as a PDS. However, respondent contends that the postmark date for purposes of section 7502 is not July 20, 2009, but rather July 21, 2009,

which would make the petition 1 day late and would necessitate the granting of respondent's motion to dismiss.

Notice 97-26, 1997-1 C.B. 413, establishes special rules for deliveries by a PDS to determine the date that will be treated as the postmark date for purposes of section 7502.[8]  Notice 97-26, 1997-1 C.B. at 414, states in pertinent part:

> SPECIAL RULES FOR DETERMINING POSTMARK DATE:  Section 7502(f)(2)(C) requires a PDS to either (1) record electronically to its data base (kept in the regular course of its business) the date on which an item was given to the PDS for delivery or (2) mark on the cover of the item the date on which an item was given to the PDS for delivery.  Under § 7502(f)(1), the date recorded or the date marked under § 7502(f)(2)(C) is treated as the postmark date for purposes of § 7502.
>
> This notice provides rules for determining the date that is treated as the postmark date for purposes of § 7502.  There is one set of rules for the designated PDSs that qualified for designation because their "postmark date" is recorded electronically to their data bases.  There is another set of rules for the designated PDS that qualified for designation because its "postmark date" is marked on the cover of an item.

As applicable to items delivered by FedEx, Notice 97-26, 1997-1 C.B. at 414, states in relevant part:

> An electronically generated label is applied to the cover of all items delivered by FedEx, including those items that already have an airbill attached.  The date on which an item is given to FedEx for delivery is marked on the label.  There are two types of labels (which are distinguishable from each other).  One type

---

[8]  Although Notice 97-26, 1997-1 C.B. 413, has been modified over the years on several occasions, it continues to state the special rules, as applicable to domestic service, to determine the date that will be treated as the postmark date for purposes of sec. 7502.  See Notice 2004-83, 2004-2 C.B. 1030.

of label is generated and applied to an item by a FedEx employee.  The other type of label is generated (using computer software and/or hardware provided by FedEx) and applied to an item by a customer.

The date that will be treated as the postmark date for purposes of § 7502 is determined under the following rules:

>    (1) If an item has a label generated and applied by a FedEx employee, the date marked on that label is treated as the postmark date for purposes of § 7502, regardless of whether the item also has a label generated and applied by the customer.

In the instant case, the envelope in question bears two shipping labels:  (1) An electronic label generated by the customer, i.e., the shipper, and placed inside the clear plastic pouch affixed to the envelope; and (2) an electronic label generated by a FedEx employee and affixed to the outside of the clear plastic pouch.  Under these circumstances, Notice 97-26 states that the FedEx-generated label controls.  1997-1 C.B. at 414.  And, significantly, the "postmark" date on the FedEx-generated label reflects a date after the last day to timely file a petition with this Court.

The acknowledgment by FedEx that shipment information was sent to it on July 20, 2009, at 6:34 p.m. is unavailing for at least two reasons.  First, it is the date on the electronic label that controls, not the date that the shipper notifies FedEx that he or she has an envelope for shipment and requests that it be picked up.  Austin v. Commissioner, T.C. Memo. 2007-11; see also Lindstrom v. Commissioner, T.C. Memo. 2007-243.  Second,

petitioners have failed to show that 6:34 p.m. was before the cutoff time for east coast shipments and that pickup by FedEx on July 20, 2009, would have even been possible.

Conclusion

The date on the FedEx-generated label is July 21, 2009.[9] That date is therefore treated as the postmark date for purposes of section 7502. See Austin v. Commissioner, supra.

In view of the foregoing, we hold that the petition was not filed within the requisite period prescribed by section 6213(a) and that this case must therefore be dismissed for lack of jurisdiction.[10]

---

[9] It should be recalled that the petition was delivered to the Court 2 days later on July 23, 2009, i.e., within the normal delivery time for FedEx 2Day service.

[10] Although petitioners cannot pursue their case in this Court, they are not without a judicial remedy. Specifically, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and, if their claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims. See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970).

To reflect the foregoing,

_An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered_.