T.C. Memo. 2012-258

UNITED STATES TAX COURT

MARCIUS J. SCAGGS AND ANDREA L. SCAGGS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16342-11.                    Filed September 10, 2012.

        R mailed a notice of deficiency to Ps on Apr. 8, 2011.  The 90th
day after respondent mailed the notice of deficiency was Thursday,
July 7, 2011, which was not a legal holiday in the District of Columbia.
The petition was received by the Court and filed on July 12, 2011.  The
envelope in which the petition was received bears a Federal Express
(FedEx) U.S. Airbill dated July 7, 2011.  The delivery service selected
on the U.S. Airbill is "Express Saver Third business day".

        Held:  The petition was not timely filed, and the Court does not
have jurisdiction to decide Ps' case.


Marcius J. Scaggs and Andrea L. Scaggs, pro sese.

Elke E. Franklin, for respondent.

[*2]                    MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This case for redetermination of deficiencies

and accuracy-related penalties is before the Court on the Court's Order dated June

27, 2012, raising, sua sponte, the question of jurisdiction on the basis of the

apparent untimeliness of the petition.

Petitioners resided in the State of Illinois at the time that the petition was

filed.

Background

Respondent mailed a notice of deficiency to petitioners' last known address

on April 8, 2011.  The 90th day after respondent mailed the notice was Thursday,

July 7, 2011, which was not a legal holiday in the District of Columbia.  The

petition was received by the Court and filed on July 12, 2011.  The envelope in

which the petition was received bears a Federal Express (FedEx) U.S. Airbill with

handwritten entries dated July 7, 2011 (FedEx Airbill).[1]  The delivery service

selected on the FedEx Airbill is "Express Saver Third business day".

---

[1]  The FedEx Airbill is a standard form completed by persons sending mail
via FedEx within the United States.  <u>See</u> <u>Estate of Cranor v. Commissioner</u>, T.C.
Memo. 2001-27.

**[*3]**                                         Discussion

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress.[2]  See sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  This Court's jurisdiction to redetermine a deficiency is predicated on the issuance of a valid notice of deficiency and the timely filing of a petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  If it appears that this Court lacks jurisdiction to decide a case, then that issue must be addressed.  Gray v. Commissioner, 138 T.C. __ , __ (slip op. at 3) (Mar. 28, 2012).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice to the taxpayer by certified or registered mail.  The taxpayer, in turn, has 90 days from the date that the notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day) to file a petition in this Court for a redetermination of the deficiency.[3]  Sec. 6213(a).

---

[2]  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended; all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  Because the notice was addressed to a person not outside the United States, the 90-day filing period applies in this case.  See sec. 6213(a).

**[*4]** The notice was mailed on April 8, 2011, and the 90th day thereafter was Thursday, July 7, 2011, which was not a legal holiday in the District of Columbia. See sec. 7503; Rule 25(b). Therefore, July 7, 2011, was the last date for petitioners to timely file a petition in the Tax Court. See sec. 6213(a). However, the petition was not received and filed by the Court until Tuesday, July 12, 2011.

A timely mailed petition may be treated as though it were timely filed. Sec. 7502(a). Thus, if a petition is received by the Court after the expiration of the 90-day period, it is nevertheless deemed to be timely filed if the date of the U.S. Postal Service postmark stamped on the envelope in which the petition was mailed is within the time prescribed for filing. Id.; sec. 301.7502-1, Proced. & Admin. Regs.

Petitioners did not use the U.S. Postal Service to send their petition to the Court. Nevertheless, sending a petition by designated private delivery service may also be treated as timely mailing. Sec. 7502(f)(1).

Section 7502(f)(1) provides as follows:

> SEC. 7502(f). Treatment of Private Delivery Services.--
>
> (1) In general.--Any reference in this section to the United States mail shall be treated as including a reference to any designated delivery service, and any reference in this section to a postmark by the United States Postal Service shall be treated as including a reference to any date recorded or

**[\*5]** marked as described in paragraph (2)(C) by any designated delivery service.

In Notice 2004-83, 2004-2 C.B. 1030 (2004 notice), the Commissioner updated the list of companies and classes of delivery service that constitute designated private delivery services for purposes of section 7502. Thus, effective January 1, 2005, and insofar as FedEx is concerned, the list of designated private delivery services was as follows: FedEx Priority Overnight, FedEx Standard Overnight, FedEx 2 Day, FedEx International Priority, and FedEx International First. The 2004 notice expressly states that FedEx is not designated with respect to any type of delivery service not expressly identified. Thus, "Express Saver Third business day" service is not a designated private delivery service. See Raczkowski v. Commissioner, T.C. Memo. 2007-72 (holding in part that the timely mailing/timely filing rule of section 7502 does not apply to "UPS Ground" service because such service was not a designated private delivery service under the 2004 notice).

Under these circumstances, we conclude that the petition was not filed within the requisite period prescribed by section 6213(a). Consequently, this case must be dismissed for lack of jurisdiction.

**[\*6]** In so holding we acknowledge that the result may appear harsh; however, the Court cannot rely on general equitable principles to expand the statutorily prescribed time for filing a petition.  See Austin v. Commissioner, T.C. Memo. 2007-11, 2007 WL 105522, at \*4 (citing Woods v. Commissioner, 92 T.C. 776, 784-785 (1989)). Although petitioners cannot pursue their case in this Court, they are not without a judicial remedy.  Specifically, petitioners may pay the tax, file a claim for refund with the Internal Revenue Service, and, if their claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970).

To reflect the foregoing,

An order dismissing this case for lack of jurisdiction because of an untimely filed petition will be entered.