T.C. Memo. 2013-269

UNITED STATES TAX COURT

ROBERT J. EICHELBURG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22837-12.                    Filed November 25, 2013.

Robert J. Eichelburg, pro se.

John D. Ellis, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  This case is before the Court on respondent's motion to

dismiss.  On August 22, 2013, respondent moved to dismiss for lack of jurisdiction

on the ground that the petition was not filed within the 90-day period prescribed

[*2] by section 6213(a).[1] By order dated August 23, 2013, the Court directed petitioner to respond to this motion, and on September 16, 2013, the Court filed petitioner's response. The case was called from the calendar at the Court's Washington, D.C., trial session on September 23, 2013. Petitioner did not appear, having informed the Court and respondent's counsel that he was ill and would be unable to attend.

Since filing his response on September 16, 2013, petitioner has not offered any additional documents or argument relating to the jurisdictional question, nor has he requested more time to do so. The Court concludes that there are no material factual issues requiring a hearing on respondent's motion to dismiss and that it may dispose of the pending motion on the basis of the parties' written submissions. The Court will grant respondent's motion and dismiss this case for lack of jurisdiction.

Background

Respondent determined an income tax deficiency of $1,259 for petitioner's 2009 tax year. On June 11, 2012, respondent mailed to petitioner's last known address in Annapolis, Maryland, a notice of deficiency (notice) in this amount.

---

[1]All statutory references are to the Internal Revenue Code in effect at the relevant times. All dollar amounts are rounded to the nearest dollar.

[*3] The notice's cover page shows June 11, 2012, as the "Letter Date" and states that September 10, 2012, is the "Last Date to Petition Tax Court." A certified mail tracking number, 7161 7618 3634 7173 1710, appears at the top of the notice's cover page.

Attached to the motion to dismiss is a copy of United States Postal Service (USPS) Form 3877, Firm Mailing Book for Accountable Mail, dated June 9, 2012. This form lists among the pieces received for mailing on that day a letter with certified mail tracking number 7161 7618 3634 7173 1710 addressed to petitioner at his Annapolis, Maryland, address. The sender is listed as IRS Detroit Computing Center, and "certified" is checked as the "type of mail or service." In the upper right-hand corner of this Form 3877, USPS stamped "JUN 11 2012" as the postmark date for the letter.

Petitioner filed a petition seeking redeterminaton of the deficiency determined by the June 11, 2012, notice. He mailed his petition from Annapolis, Maryland, to this Court on September 10, 2012, using a Federal Express delivery service denominated "FedEx Express Saver." The petition was received and filed by the Court on September 12, 2012.

Respondent's motion contends that FedEx Express Saver is not a "designated delivery service" within the meaning of section 7502. Respondent

**[*4]** accordingly asserts that the petition must be treated as filed not on September 10, 2012, the date it was mailed, but on September 12, 2012, the date it was actually received and filed by this Court.  If that assertion is correct, the petition was not timely filed and the Court lacks jurisdiction.

Discussion

At the outset, petitioner contends that respondent has not submitted sufficient evidence to prove that the notice was in fact mailed to him by certified mail on June 11, 2012.  We disagree.  The notice is dated June 11, 2012, and it has a certified mail tracking number of 7161 7618 3634 7173 1710.  Respondent has provided a copy of USPS Form 3877 clearly indicating that a letter with this tracking number was mailed by certified mail to petitioner, at his Annapolis, Maryland, address, on June 11, 2012.  See, e.g., Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990) ("Accordingly, where the existence of the notice of deficiency is not disputed, a properly completed Form 3877 by itself is sufficient, absent evidence to the contrary, to establish that the notice was properly mailed to a taxpayer.").

The time for petitioning this Court runs from the mailing of the statutory notice of deficiency.  To be timely, the taxpayer's petition must be filed within 90 days of the date on which the Internal Revenue Service (IRS) mails this notice.

**[*5]** Sec. 6213(a). The notice at issue here was sent to petitioner via certified mail on June 11, 2012. As stated in the notice of deficiency, the last day to file a petition with this Court was therefore September 10, 2012, which was not a Saturday, Sunday, or Federal holiday in the District of Columbia. The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. See sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). Jurisdiction must be shown affirmatively, and petitioner, as the party invoking the Court's jurisdiction, bears the burden of proving that jurisdiction exists. See David Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 270 (2000), aff'd, 22 Fed. Appx. 837 (9th Cir. 2001). Our Court has no authority to extend this 90-day period. Joannou v. Commissioner, 33 T.C. 868, 869 (1960).[2]

Although the instant petition was not filed with this Court until September 12, 2013, it was mailed on September 10, 2012, the due date. Section 7502(a)(1) contains a "timely mailed, timely filed" rule. Under that section, if a taxpayer

---

[2]In Rich v. Commissioner, 250 F.2d 170 (5th Cir. 1957), our Court received a letter from an attorney within the 90-day period enclosing a check for $10 as a filing fee and advising the Court that a petition had been prepared and forwarded to his client (an inmate of the Federal penitentiary at Danbury, Connecticut) for signature and mailing. The petition was not filed within the 90-day period. The Court of Appeals stated: "This is a hard case presenting a grossly inequitable situation, but neither the Tax Court nor this Court has any authority to relieve the taxpayer from the clear jurisdictional requirements of the law." Id. at 175.

[*6] sends his petition for delivery to the Court "by United States mail" within the prescribed period for filing the petition, and the Court receives the petition after the period has ended, the date of the USPS postmark on the envelope containing the petition will be considered the date of delivery.

Section 7502(f) extends this "timely mailed, timely filed" rule to certain private delivery services. This extension of the section 7502(a)(1) rule applies only "if such service is designated by the Secretary for purposes of this section." Sec. 7502(f)(2). The Secretary may so designate a private delivery service only if he determines that it is at least as timely and reliable as the United States mail and that it meets other criteria specified in the statute. Sec. 7502(f)(2)(A)-(D); see Rev. Proc. 97-19, 1997-1 C.B. 644 (specifying criteria employed by the Secretary).[3]

In Notice 2004-83, 2004-2 C.B. 1030, the IRS listed all private delivery services that have been designated by the Secretary under section 7502(f). The Federal Express delivery services included on this list are as follows: FedEx Priority Overnight, FedEx Standard Overnight, FedEx 2 Day, FedEx International Priority, and FedEx International First. Notice 2004-83, 2004-2 C.B. at 1030,

_____

[3]Rev. Proc. 97-19, 1997-1 C.B. 644, has been partially modified by Notice 97-50, 1997-2 C.B. 305; Notice 99-41, 1999-2 C.B. 325; and Notice 2001-62, 2001-2 C.B. 307.

[*7] explicitly states that "FedEx * * * [is] not designated with respect to any type of delivery service not identified above." Thus, FedEx Express Saver is not a "designated private delivery service" within the meaning of section 7502(f). See Scaggs v. Commissioner, T.C. Memo. 2012-258 (holding that the "timely mailed, timely filed" rule of section 7502 does not apply to "Fed Ex Express Saver Third business day" service because that service is not a designated private delivery service under Notice 2004-83, supra); see also Raczkowski v. Commissioner, T.C. Memo. 2007-72 (holding that the "timely mailed, timely filed" rule of section 7502 does not apply to "UPS Ground" service because that service is not a designated private delivery service under Notice 2004-83, supra).

Petitioner mailed his petition on September 10, 2012, using the FedEx Express Saver delivery service. Because FedEx Express Saver is not a "designated private delivery service," petitioner cannot avail himself of the "timely mailed, timely filed" rule of section 7502(a) and (f). His petition was not filed until September 12, 2012, two days after the expiration of the 90-day period. It was therefore untimely, and this Court lacks jurisdiction to redetermine the deficiency.

We acknowledge that the result we reach may seem harsh. Notice 2004-83, supra, was issued nine years ago; private delivery companies may have since

[*8] initiated delivery services resembling those listed in Notice 2004-83, supra; and many taxpayers may be unaware of the nuanced differences among these services.[4]  However, this Court may not rely on general equitable principles to expand the statutorily prescribed time for filing a petition.  See Austin v. Commissioner, T.C. Memo. 2007-11 (citing Woods v. Commissioner, 92 T.C. 776, 784-785 (1989)).  The statute gives us jurisdiction under the "timely mailed, timely filed" rule only if a private delivery service has been "designated by the Secretary."  Sec. 7502(f)(2).  Because FedEx Express Saver has not been so designated, our hands are tied.[5]

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.

---

[4]FedEx Express Saver apparently delivers only to the contiguous United States, whereas Rev. Proc. 97-19, sec. 4.04, 1997-1 C.B. at 645, requires, as a condition of designation under section 7205(f)(2), that "[t]he delivery service offered must provide for delivery to all street addresses within the United States to which documents and payments subject to § 7502 must be sent."

[5]Although petitioner cannot pursue his case in this Court, he may not be without a judicial remedy.  He may pay the tax, file a claim for refund with the IRS, and, if his claim is denied, sue for a refund in the appropriate U.S. District Court or the U.S. Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 n.5 (1970).