T.C. Memo. 2012-294

UNITED STATES TAX COURT

ANTHONY M. BENTLEY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10132-11.                          Filed October 22, 2012.

Anthony M. Bentley, pro se.

Jane J. Kim, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  Respondent determined a deficiency in petitioner's 2007

Federal income tax of $4,944[1] as a result of various disallowed deductions.  The

issues for decision are:

_____

[1]All dollar amounts are rounded to the nearest dollar.

**[*2]**  (1) whether petitioner is entitled to a $1,390 deduction for charitable contributions claimed on Schedule C, Profit or Loss From Business.[2]  We hold that he is not;

(2) whether petitioner is entitled to a $17,610 deduction for mortgage interest claimed on Schedule C.  We hold that he is not.

(3) whether petitioner is entitled to a $1,369 deduction for utility expenses claimed on Schedule C.  We hold that he is not; and

(4) whether we should impose sanctions under section 6673[3] on petitioner for presenting frivolous or groundless arguments before the Court or delaying the case. We shall not.

## FINDINGS OF FACT

At the time the petition was filed, petitioner resided in New York.

---

[2]In the notice of deficiency respondent allowed petitioner a $1,390 deduction on Schedule A, Itemized Deductions, for the charitable contributions denied on Schedule C.  However, because petitioner's itemized deductions would not exceed the standard deduction even considering the additional $1,390, moving the charitable contribution deduction from Schedule C to Schedule A effectively increases petitioner's taxable income by $1,390.

[3]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]**  Petitioner was the proprietor of three sole proprietorships, each of which was related to his practice of law and was operated out of the studio apartment in which he resided during 2007.  Petitioner attached three Schedules C to his 2007 tax return, one Schedule C for each of his three businesses.

On the first Schedule C, for the business Anthony M. Bentley, Esq., petitioner deducted $1,390 in charitable contributions in the "Other Expenses" category.  On the second Schedule C, for the business "Virtual Judge (IHL)", petitioner deducted $17,610 in mortgage interest.  On the third Schedule C, for the business Dauphin Web Enterprises, petitioner deducted $3,080 in utility expenses.[4]

On February 1, 2011, respondent issued a notice of deficiency to petitioner for 2007.  Petitioner timely filed a petition contesting the deficiency.

OPINION

I.  Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111,

---

[4]As a result of a division between petitioner's personal and business use of his apartment, respondent disallowed only $1,369 of the claimed utility expenses.

**[*4]** 115 (1933). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they have met all requirements to be entitled to the claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

Petitioner's primary arguments relate to the burden of proof or production. Petitioner's first argument is that respondent bears the burden of proof under Rule 142(a)(1) because respondent raised new matter in his answer. When petitioner filed his petition, he attached only the notice of deficiency; he did not include the waiver and the audit statement (detailing the changes respondent made to petitioner's 2007 Federal tax due) which were sent to him with the notice of deficiency. In the answer to the petition respondent attached the notice of deficiency as well as the waiver and the audit statement. Petitioner argues that the information in the waiver and the audit statement (including information regarding the disallowance of deductions on his Schedules C for the charitable contributions, mortgage interest, and utility expenses) is thus new matter with which respondent bears the burden of proof. We disagree.

We have previously stated that "New matter does not refer to allegations that are merely a refinement of a theory or limitation on a theory already set forth in the notice of deficiency but rather refers to a theory which is inconsistent with

[*5] the determination in the deficiency notice." <u>Barton v. Commissioner</u>, T.C. Memo. 1992-118, 1992 Tax Ct. Memo LEXIS 139, at *16, <u>aff'd without published opinion</u>, 993 F.2d 233 (11th Cir. 1993). The information in the waiver and the audit statement was not inconsistent with the determination in the notice of deficiency. Indeed, the waiver and the audit statement together explain the deficiencies determined in the notice of deficiency. As a result, we reject petitioner's Rule 142(a)(1) argument.

Petitioner's second argument is that respondent bears the burden of production under section 7491(c). That section provides in relevant part that "the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." Petitioner argues that the amount respondent determined to be due is either an addition to tax or an additional amount within the purview of section 7491(c).[5] We disagree.

Section 6211(a) defines "deficiency" as the amount by which the correct tax imposed by the Code exceeds the amount of tax shown on the return, plus the amount of tax previously assessed, less any rebates. Clearly, the amount shown on

_____

[5]Petitioner notes that the waiver and the audit statement included with the notice of deficiency refer to the determined amount as both a deficiency and an "increase in tax" at various points.

[*6] the notice of deficiency (resulting from disallowed deductions) was a deficiency rather than an addition to tax or an additional amount imposed.[6] As a result, we reject petitioner's section 7491(c) argument.

Petitioner has not argued that section 7491(a) applies in this case, and the record does not support a conclusion that the requirements of section 7491(a) have been met. After considering the relevant facts and law, we find that petitioner bears the burden of proof.

## II. Section 162 Business Expense Deductions

Section 162 allows a deduction for all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. Whether an expenditure is ordinary and necessary is generally a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943). To be "necessary" within the meaning of section 162, an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. at 113. For an expense to be ordinary "the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. 488, 495 (1940) (citing Welch v. Helvering, 290 U.S. at 114).

---

[6]We note that additions to tax and additional amounts are found in ch. 68 of the Code, which includes secs. 6651 through 6751. Respondent's adjustments to petitioner's 2007 tax are not based on these sections.

**[\*7]** Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability. Sec. 6001; <u>Shea v. Commissioner</u>, 112 T.C. 183, 186 (1999). No deduction is allowed for personal, living, and family expenses. Sec. 262(a).

Petitioner deducted $1,390 in charitable contributions on the Schedule C for Anthony M. Bentley, Esq.--$1,000 was donated to Fordham Law School, with smaller donations made to a Jewish community organization, the American Judges Foundation, the Penn Club of New York Christmas Fund, and the Disabled American Veterans organization. Petitioner declined to testify regarding the donations, choosing instead to "rest on the administrative file", which was the only piece of evidence introduced. While the administrative record confirms that charitable contributions were made to each organization and lists the amount of each contribution, there was no information provided showing that the contributions were ordinary and necessary expenses of Anthony M. Bentley, Esq. In addition, petitioner made no argument on brief regarding the business purpose of the charitable contributions. Considering the facts, we find that petitioner failed to meet his burden of proving that the charitable contributions were ordinary and necessary business expenses deductible on the Schedule C for Anthony M.

**[*8]** Bentley, Esq. We thus sustain respondent's determination with respect to this issue.

Petitioner deducted $3,080 in utility expenses on the Schedule C for Dauphin Web Enterprises. Respondent disallowed $1,369 of these claimed expenses as a result of his division between petitioner's personal and business use of his apartment. While the administrative record in evidence does contain several credit card statements which list payments of various utility expenses, there is no evidence regarding petitioner's division of his personal and business use of the utility expenses, many of which were for utilities provided to his studio apartment. Petitioner did not address the issue at trial and made no argument regarding the deductibility of the utility expenses under section 162 in his brief. Considering the facts, we find that petitioner has not satisfied the burden of proof regarding the utility expenses and sustain respondent's determination with respect to the issue.

Petitioner deducted $17,610 in mortgage interest on the Schedule C for Virtual Judge (IHL). Respondent disallowed the entire deduction. The administrative record introduced in evidence contains a security agreement entered into on April 27, 1997, regarding the studio apartment where petitioner lived and maintained his businesses. The security agreement is between petitioner and a

**[*9]** person named Michael (whose last name and address are blacked out). The agreement provides that its purpose is--

> To secure the payment of an indebtedness in the amount of $68,000 with interest, payable as falls
>
> (a) 9.00% per annum simple interest;
>
> (b) 180 monthly installments of $689.70 to commence May 27, 1997;
>
> (c) principal balance may be repaid in whole or in part at any time without penalty, payments thereafter to be re-calculated

Another page in the administrative record written and signed by petitioner states that "Due to deteriorating financial conditions (mine) the loan was modified in or after 2001, and, as modified * * * was recorded on 6/17/03." Several partially illegible documents followed this page, which supported petitioner's claim that a loan modification was recorded in June 2003.

In arguments regarding the burden of proof at trial, petitioner stated that the mortgage holder was a friend of his who orally agreed to allow him to accrue the mortgage interest rather than pay it monthly. However, petitioner declined to testify when offered the chance to explain the facts under oath. No evidence exists which substantiates petitioner's claims regarding accrual of mortgage interest. Likewise, there is no evidence that any mortgage interest for 2007 was ever paid.

**[\*10]** Indeed, there was no evidence presented that the mortgage still existed in 2007. Considering these facts, we find that petitioner has not satisfied the burden of proof regarding the mortgage interest and sustain respondent's determination with respect to the issue.

III. <u>Section 6673 Sanctions</u>

In his pretrial memorandum respondent stated that he "intend[ed] to file a Motion to Impose Penalty Under I.R.C. § 6673" in response to a motion for a protective order petitioner filed. While respondent never filed such a motion, he did request in his response to petitioner's motion for a protective order that we "provide such other sanctions as * * * [we] may deem appropriate." We denied petitioner's motion for a protective order at trial.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. At our discretion we decline to impose sanctions against petitioner.

**[*11]** IV.  <u>Conclusion</u>

We sustain respondent's determinations regarding the charitable contribution, mortgage interest, and utility expense deductions petitioner claimed on the Schedules C.  However, we choose not to impose sanctions against petitioner under section 6673.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.