T.C. Summary Opinion 2014-37

UNITED STATES TAX COURT

PHYLLIS SHAW, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10969-12S L.                    Filed April 16, 2014.

Phyllis Shaw, pro se.

Beth A. Nunnink, for respondent.

SUMMARY OPINION

THORNTON, Chief Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]All section references are to the Internal Revenue Code in effect for the
relevant times, and all Rule references are to the Tax Court Rules of Practice and
(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner seeks review pursuant to sections 6320(c) and 6330(d) of respondent's determination sustaining the filing of a notice of Federal tax lien with respect to her 2004, 2006, 2008, and 2009 Federal income tax.

Background

The parties have stipulated some facts, which are so found. When she filed her petition, petitioner resided in Tennessee.

In 2004 petitioner owned and operated a pet grooming business called Dog Gone Good Grooming. Throughout 2004 her principal place of business for Dog Gone Good Grooming was at a shopping center.

In July 2004 petitioner purchased a house as her personal residence. In February 2005 she moved her principal place of business for Dog Gone Good Grooming from the shopping center to her personal residence.

On July 20, 2005, respondent received petitioner's 2004 Form 1040, U.S. Individual Income Tax Return, reporting tax due of $10,061. On this return, petitioner claimed a $4,850 standard deduction in lieu of claiming itemized

_____

[1](...continued)
Procedure. All monetary amounts are rounded to the nearest dollar.

deductions. Attached to this return was a Schedule C, Profit or Loss From Business (Sole Proprietorship), for petitioner's pet grooming business; it showed $53,163 of gross receipts and $20,527 of total expenses. On August 22, 2005, respondent assessed the tax shown on petitioner's return as well as a $1,811 section 6651(a)(1) addition to tax for late filing and a $252 section 6651(a)(2) addition to tax for failure to pay timely.[2]

On September 12, 2009, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return (amended return), for her 2004 taxable year, reporting tax due of $3,446. On this amended return, petitioner claimed $6,554 of itemized deductions, which according to an attached Schedule A, Itemized Deductions, consisted of $1,240 of taxes paid, $4,914 of interest paid, and $400 of charitable donations. She also attached to her amended return a Schedule C for her pet grooming business which reported $54,228 of gross receipts and $31,525 of total expenses exclusive of expenses for business use of her home. In addition, she reported on line 30 of her Schedule C a $3,985 expense for business use of her home. Respondent did not process petitioner's amended return.

---

[2]During these proceedings respondent conceded that petitioner is not liable for the sec. 6651(a)(2) addition to tax. We do not address this issue further.

The following table shows (i) the amounts shown on petitioner's Schedule C attached to her 2004 original return, (ii) the amounts shown on petitioner's Schedule C attached to her 2004 amended return, and (iii) the amounts respondent has conceded.

| Item | Original | Amended | Respondent's concessions |
|---|---|---|---|
| Gross receipts | $53,163 | $54,228 | --- |
| Insurance (other than health) | 504 | 913 | $561 |
| Interest (Other) | --- | 1,600 | --- |
| Legal and professional services | --- | 897 | 673 |
| Office expense | 94 | 572 | 336 |
| Repairs and maintenance | 3,311 | 3,364 | 863 |
| Supplies | --- | 7,423 | 3,622 |
| Other--Donations and charitable contributions | 400 | 400 | --- |
| Other--janitor and waste pickup | --- | 1,343 | 585 |
| Other--bank charges | 1,191 | 1,249 | 1,082 |
| Expenses for business use of home | --- | 3,985 | --- |

The following table shows the amounts petitioner claimed on her Schedule A attached to her 2004 amended return and the amounts respondent has conceded petitioner is entitled to deduct subject to certain limitations.

| Item | Claimed on Schedule A | Respondent's concessions |
|---|---|---|
| Medical expenses | --- | $352 |
| State and local general taxes | $294 | Determined by tax tables[1] |
| Real estate taxes | 717 | 793 |
| Personal property taxes | 229 | 273 |
| Home mortgage interest | 3,414 | 5,186 |
| Points not reported on Form 1098 | 1,500 | --- |
| Charitable contributions | 400 | [2]400 |

[1]Respondent concedes that petitioner is entitled to a deduction for Schedule A general sales tax based on the "Optional Sales Tax Tables". See sec. 164(b)(5)(H); see also Figures v. Commissioner, T.C. Memo. 2012-296, at *11. Because petitioner's sales tax deduction will be based, in part, on her 2004 adjusted gross income (taking into account respondent's concessions and our findings and holdings herein), the actual amount of petitioner's deduction will be determined pursuant to the parties' Rule 155 computations.

[2]On brief petitioner contends that the $400 she reported on her Schedule A as charitable contributions is the same $400 she reported on her Schedule C as "Other--Donations and Charity Contributions".  As discussed more fully below, petitioner argues that this $400 should be reported on her Schedule C rather than her Schedule A.

Petitioner timely filed returns for her 2006, 2008, and 2009 tax years, reporting tax of $2,506, $3,589, and $2,388, for each tax year, respectively. Respondent assessed these amounts.  At various times, petitioner entered into installment agreements with respondent to pay her 2004, 2006, 2008, and 2009

tax, but respondent eventually terminated the installment agreements because of petitioner's nonpayment.

On June 28, 2011, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under Section 6320 (lien notice) for her 2004, 2006, 2008, and 2009 taxable years. Petitioner timely filed a written response to the lien notice requesting an "appeal".

On October 21, 2011, the Internal Revenue Service Office of Appeals sent petitioner a letter acknowledging it had received her case for consideration.

By letter dated November 7, 2011, petitioner sent correspondence to the Office of Appeals, including a copy of her 2004 return, a copy of her amended 2004 return, and notes explaining why she believed the figures on her amended return were correct. Petitioner raised no issues about her 2006, 2008, or 2009 tax years.

On January 19, 2012, Settlement Officer Thomas Erwin (SO Erwin) sent petitioner a letter indicating that he had received her request for a collection due process hearing and scheduling a telephone conference for March 1, 2012, at 9 a.m. The letter also indicated that SO Erwin would be unable to consider any collection alternatives unless petitioner provided certain documentation on or before February 20, 2012.

Petitioner did not send any of the requested documentation, nor did she call at the designated time of her scheduled telephone conference. On March 1, 2012, SO Erwin sent petitioner a "last chance letter" indicating that he would make a determination by reviewing the administrative file and any information she had previously submitted; he advised her that if she wanted to provide additional information she should do so no later than March 15, 2012. On March 21, 2012, SO Erwin recorded in his Appeals log that he had received no reply or documentation from petitioner and that he had determined to sustain the collection action with respect to the lien.

On April 2, 2012, the Office of Appeals issued a Notice of Determination Concerning Collection Action(s) Under Section 6320, determining that the filing of the tax lien notice was appropriate.

## Discussion

### I. Statutory Framework

Section 6321 imposes a lien in favor of the United States on all property and property rights of a person who is liable for and fails to pay tax after demand for payment has been made. The lien arises when assessment is made and continues until the assessed liability is paid. Sec. 6322. For the lien to be valid against certain third parties, the Secretary must file a notice of Federal tax lien; within five

business days thereafter, the Secretary must provide written notice to the taxpayer. Secs. 6320(a), 6323(a). Within 30 days commencing after the end of the 5 business days, the taxpayer may request an administrative hearing before an Appeals officer. Sec. 6320(b)(1); sec. 301.6320-1(c)(1), Proced. & Admin. Regs.

At the hearing, the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Secs. 6320(c), 6330(c)(2)(A). A taxpayer may challenge the existence or amount of the underlying tax liability unless the taxpayer received a notice of deficiency or otherwise had an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). The "underlying tax liability" includes the tax deficiency, additions to tax, and statutory interest. See Gray v. Commissioner, 138 T.C. 295, 300 (2012), aff'd, 723 F.3d 790 (7th Cir. 2013); Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Following the hearing, the Appeals officer must determine whether to sustain the filing of the notice of Federal tax lien. In making that determination, the Appeals officer is required to: (1) verify that the requirements of any applicable law and administrative procedure have been followed; (2) consider the relevant issues raised by the taxpayer; and (3) consider whether the filing of the

notice of lien appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(1), (2), and (3).

Once the Appeals officer issues a notice of determination, the taxpayer may seek review in this Court. Secs. 6320(c), 6330(d)(1). If the validity of the underlying tax liability is properly at issue, we review that issue de novo. See Wadleigh v. Commissioner, 134 T.C. 280, 288 (2010); Sego v. Commissioner, 114 T.C. at 610. Other issues a taxpayer properly raises are reviewed for abuse of discretion. Wadleigh v. Commissioner, 134 T.C. at 288 (2010); Sego v. Commissioner, 114 T.C. at 610.

II.  Petitioner's 2004 Tax Liability

A.  Schedule C Expenses

During her Appeals hearing, petitioner challenged only her 2004 tax liability.[3] Respondent concedes that petitioner is entitled to dispute her 2004 underlying tax liability in this proceeding. The burden of proof is on petitioner to

_____

[3]Because she failed to properly raise the issue at her Appeals hearing, we decline to address petitioner's argument, raised for the first time in her posttrial memorandum, that she is entitled to $3,000 of capital losses for each year 2004 through 2009 and $200 for 2010, with respect to a mobile home she purportedly used. See Giamelli v. Commissioner, 129 T.C. 107, 112-115 (2007); see also sec. 301.6320-1(f)(2), A-F3, Proced. & Admin. Regs.

show error in respondent's determination as to her underlying liability.[4] See Rule 142(a).

A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business if the taxpayer maintains sufficient records to substantiate the expense. Secs. 162(a), 6001; sec. 1.6001-1(a), Income Tax Regs. The taxpayer bears the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976). Generally, no deductions are allowed for personal, living, or family expenses. Sec. 262(a).

If a taxpayer establishes that deductible expenses were incurred but fails to establish the amount, we generally may estimate the amount allowable. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). There must be evidence in the record, however, that provides a rational basis for our estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

---

[4]Petitioner does not contend and the record does not establish that the burden of proof as to any factual issue should shift to respondent pursuant to sec. 7491(a).

### 1. Insurance Expenses (Other Than Health Insurance)

Petitioner contends that she is entitled to a $913 deduction claimed on her Schedule C for insurance expenses that she paid in 2004. Respondent concedes that petitioner is entitled to deduct $561 claimed on her Schedule C for insurance but argues that the remaining $352 should be reported on her Schedule A as a personal medical expense subject to the limitations found in section 213. At trial petitioner conceded that this $352 was a personal medical expense.

### 2. Interest

The parties disagree as to whether petitioner is entitled to a $1,600 deduction for interest expenses she claims to have paid with respect to three credit cards she purportedly uses for business purposes. Petitioner's credit card statements show purchases from various merchants in 2004, but she was unable to produce invoices or receipts showing a detailed description of the items she purchased. She testified that certain of the purchases were for blade sharpeners, grooming scissors, supplies, and other items necessary to a dog grooming business. Petitioner's credit card statements also show several purchases, however, that we find were for personal rather than business purposes.[5] Bearing

---

[5]For example, the credit card statements show purchases for peopledata.com, reunion.com, and a notation from petitioner that indicates she

(continued...)

heavily against petitioner, whose inexactitude is of her own making, we conclude that she is entitled to deduct 40% of her claimed interest expense, or $640. See Cohan v. Commissioner, 39 F.2d at 540.

### 3. Legal and Professional Services

Petitioner contends that she is entitled to a $897 deduction for legal and professional services expenses that she paid for legal proceedings with respect to her personal chapter 7 bankruptcy filing in 2004. She contends that she made four separate payments of $299 each to her legal representative and that 75% of these expenses should be allowed as business expenses on her Schedule C. Respondent concedes that petitioner is entitled to deduct 75% of her legal expenses, but argues that her profit and loss statement and bank statements show only three $299 payments to her legal representative in 2004. Petitioner has not introduced any evidence other than her self-serving testimony to substantiate the alleged fourth $299 payment. Pursuant to respondent's concession, we hold that petitioner is entitled to deduct $673 of fees for legal and professional services.

---

[5](...continued)
used a credit card to pay her 2003 personal income tax.

4. Office Expenses

Petitioner contends that she is entitled to a $572 deduction for office expenses that she claims she paid in 2004. In support of this contention, she introduced copies of receipts and invoices as well as her profit and loss statement for 2004. Many of these copies are illegible. Petitioner testified that she had the original copies of these documents at her home, but she failed to introduce them into evidence or to explain why she was unable to produce them at trial.

Respondent concedes that petitioner is entitled to deduct $336 in office expenses, as reflected on receipts from Staples showing payments of $314, $10, and $12. The record also contains an additional Staples receipt, dated April 12, 2004, for $43. Petitioner credibly testified that this $43 purchase was for business purposes. We hold that petitioner is entitled to deduct $379 for office expenses.

5. Repairs and Maintenance

Petitioner contends that she is entitled to a $3,364 deduction for repairs and maintenance expenses that she paid in 2004. Respondent concedes that petitioner is entitled to deduct $863 of these expenses. At trial petitioner testified that her claimed repairs and maintenance expenses included payments for new flooring, light fixtures, bathtubs, a dividing wall, shrubbery, and the like. Petitioner also testified that many of these expenses included payments for purported repairs and

maintenance she made to her personal residence in 2004, even though she moved her pet grooming business from the shopping center to her personal residence in 2005.

Section 263(a) prohibits any deduction for amounts paid for permanent improvements that increase the value of property.  See also sec. 1.263(a)-2(a), Income Tax Regs.  Additionally, a taxpayer is generally not permitted to deduct expenses for business usage of a home unless an exception under section 280A applies.[6]  Petitioner has failed to show that her claimed deductions are not capital expenses and that she is entitled to deduct these expenses for 2004.  Petitioner has also failed to show that her claimed deductions with respect to expenses she paid for her home fall under an exception in section 280A.

We sustain respondent's determination on this issue and hold that petitioner is entitled to no greater deduction for repairs and maintenance expenses than respondent has allowed.

---

[6]Generally, a taxpayer may deduct expenses with respect to the portion of a home that the taxpayer uses exclusively and on a regular basis:  (1) as the principal place of business for a trade or business; (2) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of a trade or business; or (3) in the case of a separate structure which is not attached to the taxpayer's home, in connection with a trade or business.  See sec. 280A(a), (c)(1)(A), (B), and (C).

6. Supplies

On her amended return and Schedule C petitioner claimed a $7,423 deduction for supplies expenses that she allegedly paid in 2004. Her profit and loss statement, however, shows only $5,144 of expenses for supplies in 2004. Petitioner has failed to explain the discrepancy. Respondent concedes that petitioner is entitled to deduct $3,622 of these expenses. Petitioner introduced voluminous copies of receipts from Wal-Mart, Dollar General, Lowe's, Joanne Stores, and Home Depot. Many of these copies are illegible, and certain ones that are legible bear dates in 2003. Additionally, many of petitioner's Lowe's and Home Depot receipts are dated July 2004 or later, after petitioner purchased her personal residence. On the basis of our careful review of the record, we conclude that petitioner is entitled to an additional supplies deduction of $120 beyond that which respondent has allowed, or a total supplies deduction of $3,742.[7]

---

[7]The additional $120 represents purchases that we are persuaded were for business purposes as reflected in Ex. 38-P.

### 7. Charitable Contributions

Petitioner contends that she is entitled to a $400 charitable contribution deduction claimed on her Schedule C.[8]  Respondent contends that petitioner is not entitled to this deduction claimed on her Schedule C but concedes that the $400 deduction should be allowed on her Schedule A.  Petitioner has failed to show that these expenses were ordinary and necessary expenses of her pet grooming business.  See Bentley v. Commissioner, T.C. Memo. 2012-294; Gage v. Commissioner, T.C. Memo. 2002-72; sec. 1.162-15(a), Income Tax Regs.  We sustain respondent's determination disallowing the deduction for these expenses claimed on petitioner's Schedule C.

### 8. Janitor and Waste Expenses

Petitioner contends that she is entitled to deduct $1,343 for janitor and waste expenses for 2004.  Respondent concedes that petitioner is entitled to deduct $585 of these expenses.  Most of petitioner's receipts for these expenses are illegible.  Many of the receipts that are legible show purchases of personal items, including paper plates and cutlery, arthritis cream, toothpaste, Fritos, and Mary

---

[8]In her brief petitioner concedes that the $400 charitable contribution deduction she claimed on her Schedule A of her amended return is the same $400 that she claimed on her Schedule C as an expense for "Other--Donations and Charity Contributions".  She argues this $400 should properly be claimed on her Schedule C, however, and not her Schedule A.

Jane candy.  We hold that petitioner is not entitled to deduct more janitor and waste expenses than respondent has allowed.

9.  Banking Charges

Petitioner contends that she is entitled to deduct $1,249 of banking charges for 2004.  Her profit and loss statement for her pet grooming business shows bank charges totaling only $1,174, and she failed to explain the discrepancy.  Respondent concedes that petitioner is entitled to deduct $1,082 of these expenses but argues that she is not entitled to deduct the remaining banking fees because she used the bank accounts for both business and personal reasons.[9]  We hold that petitioner has failed to establish that she is entitled to a greater deduction for banking charges than respondent has conceded.

10.  Expenses for Business Usage of Personal Residence

Petitioner contends that she is entitled to deduct $3,985 of expenses with respect to the business usage of her personal residence during her 2004 taxable year.  Respondent contends that petitioner failed to prove that in 2004 her personal residence was her "principal place of business" as required under section 280A(c)(1).  We agree with respondent.  We have found that petitioner's principal

---

[9]At trial petitioner conceded that she used both bank accounts for personal and business purposes.

place of business in 2004 was at a shopping center and that she moved her business to her personal residence in 2005. Petitioner has failed to show these expenses fall under any other exception in section 280A. Accordingly, we sustain respondent's determination.

B. Schedule A Deductions--Home Mortgage Interest and Points Not Reported on Form 1098

At trial petitioner contended that she had deductible mortgage interest and points of $5,975. Respondent concedes that petitioner is entitled to deduct $5,186. In her posttrial memorandum petitioner contends that her deductible mortgage interest and points total $7,415. Petitioner has failed to direct this Court's attention to any evidence to substantiate her claim. Petitioner is entitled to deduct on her Schedule A only $5,186 for home mortgage interest and points.

C. Section 6651 Addition to Tax

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file her 2004 Federal income tax return. Section 6651(a)(1) provides for an addition to tax for failure to file a return by the date prescribed unless the taxpayer establishes that the failure is due to reasonable cause and not willful neglect. The Commissioner bears the burden of production with respect to whether it is appropriate to impose the section 6651(a)(1) addition

to tax, see sec. 7491(c), and the burden of proof is on the taxpayer to establish reasonable cause, United States v. Boyle, 469 U.S. 241 (1985).

Petitioner's 2004 tax return was due on April 15, 2005, and at trial she conceded that she filed her tax return late on July 20, 2005. Respondent has met his burden of production. Petitioner failed to show reasonable cause for not filing her 2004 tax return on time. We sustain respondent's determination to impose a section 6651(a)(1) addition to tax.

III. Abuse of Discretion in Sustaining Collection Action

Petitioner challenges the appropriateness of the filing of the notice of tax lien and requests that it be withdrawn.

During her Appeals hearing petitioner offered no collection alternative, failed to submit the requested financial information to SO Erwin, and failed to contact SO Erwin at the scheduled time for their telephone conference or respond to his "last chance letter". Petitioner has failed to show that respondent abused his discretion in sustaining the filing of the notice of tax lien. See Stanwyck v. Commissioner, T.C. Memo. 2012-180, and cases cited therein. Having carefully reviewed the record, we conclude that respondent has satisfied the requirements of section 6320. Consequently, we sustain respondent's filing of the notice of

Federal tax lien, subject to the recalculation, pursuant to Rule 155, of petitioner's underlying liability for 2004.

To reflect the foregoing and the parties' concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.