In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 12-2574 & 12-2575

CAROL DIANE GRAY,

*Petitioner-Appellant*,

*v.*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

Appeals from the United States Tax Court
Nos. 3260-08L, 27850-09L—**Joseph H. Gale**, *Judge.*

ARGUED APRIL 30, 2013—DECIDED JULY 23, 2013

Before FLAUM, WOOD, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Carol Gray did not file timely returns or pay income tax for the tax years 2001 through 2004. She filed returns only after the IRS came calling in 2006, but even then did not pay the amounts she reported she owed. As a result, the IRS told her that it would impose liens and levies on her property and impose statutory penalties for late filing and late payment. Gray exercised her option to challenge the liens, levies, and penalties in a Collections Due Process (CDP)

hearing. See 26 U.S.C. § 6330. Dissatisfied with the results of the CDP hearing, Gray sought review in Tax Court in two petitions for review, but she waited more than 30 days to file both petitions. The court concluded that it lacked jurisdiction because Gray's two petitions were untimely and dismissed them. Gray argues in these consolidated appeals that the Tax Court erred by applying the 30-day time limit. We affirm. The statute explicitly creates a 30-day time limit for appealing CDP determinations, see § 6330(d)(1), and no longer time limit applies to Gray's cases.

I. *Factual and Procedural Background*

Gray filed her income tax returns for the 2001 through 2004 tax years only after the IRS notified her in 2006 that it planned to assess her tax liability for those tax years on its own. The IRS accepted Gray's calculations of the taxes she owed, but it imposed statutory penalties for late filing and late payment. See 26 U.S.C. § 6651. When Gray did not pay the taxes or penalties, the IRS informed her that it had filed liens and intended to impose levies on her property. In response, Gray timely requested a CDP hearing under 26 U.S.C. § 6330. At the hearing, Gray argued that her statutory penalties should be elimi- nated and the liens and levies withdrawn, but the IRS rejected those arguments.

After the hearing, the IRS mailed Gray two "notices of determination" approving the liens and levies to collect her delinquent taxes. Gray then attempted to challenge those determinations in the Tax Court. Both notices of

determination informed Gray that she had 30 days to file a petition in the Tax Court, and that the court "cannot consider your case if you file late." It is undisputed that Gray waited more than 30 days to file both petitions in the Tax Court. The IRS mailed the first notice, for the 2001, 2003, and 2004 tax years, on December 18, 2007. Gray's petition to the Tax Court challenging this decision was postmarked January 30, 2008, 43 days after the notice of determination was issued. The IRS mailed Gray the second notice of determination, approving the levy to collect her delinquent taxes for 2002, on October 16, 2009. Gray's petition to the Tax Court challenging this decision was postmarked November 17, 2009, 32 days after the notice of determination was issued. By statute, the postmark date is "deemed" the date of delivery. See 26 U.S.C. § 7502(a).[1]

In the Tax Court, after the Commissioner and Gray each received a continuance, the Commissioner moved to dismiss for lack of jurisdiction because Gray filed her two petitions too late. Gray opposed the motion pro se. Then, four days before the hearing on the motion to dismiss and nearly three years after filing the petitions with the Tax Court, Gray moved for another continuance so that she could find a lawyer. The court denied Gray's motion at the hearing, explaining that the timeliness

---

[1] For unexplained reasons, the IRS dealt with 2001, 2003, and 2004 separately from 2002. Gray's appeal relating to 2002 is docketed as No. 12-2575; her appeal concerning the other years is docketed as No. 12-2574.

issue was simple and that Gray had no excuse for waiting until just days before the hearing to seek a continuance. Recognizing Gray's pro se status, however, the court allowed her to file supplemental briefs fleshing out her legal arguments. Gray did so, repeatedly arguing in voluminous submissions that the court should apply either a 90- or 180-day time limit for filing the petitions.

The Tax Court concluded that her petitions were untimely. It reasoned that the 30-day deadline imposed by 26 U.S.C. § 6330(d)(1) applied rather than the 90-day deadline of 26 U.S.C. § 6213(a) for challenging an assessment, as Gray had argued. The court also rejected Gray's alternative argument that, because she had supposedly sought abatement of interest, she was subject to a 180-day time limit. See 26 U.S.C. § 6404(h). The judge wrote that there was "not a scintilla of evidence" that she requested abatement of interest. Having found that Gray's petitions were untimely filed, the Tax Court concluded that it did not have jurisdiction.

II. *Discussion*

On appeal, Gray argues that the Tax Court should not have concluded that it lacked jurisdiction. She maintains that the Tax Court should have applied the 90-day time limit for challenging a "notice of deficiency," 26 U.S.C. § 6213(a), rather than the 30-day time limit for appealing a "notice of determination" after a CDP hearing, 26 U.S.C. § 6330(d)(1). The IRS should have used the 90-day limit for deficiency challenges, she continues, because by contesting the tax penalties, she essentially denied that there was a "deficiency."

The Tax Court's jurisdiction is limited. See 26 U.S.C. § 7442 ("The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title"); *Comm'r v. McCoy*, 484 U.S. 3, 7 (1987); *Cleveland v. Comm'r*, 600 F.3d 739, 741 (7th Cir. 2010). Unless a taxpayer fulfills the statutory prerequisites for invoking the Tax Court's jurisdiction, including filing a timely petition under section 6330(d)(1), the court must dismiss a petition for lack of jurisdiction. See *Investment Research Assocs., Inc. v. Comm'r*, 126 T.C. 183, 187 (T.C. 2006) (Tax Court's jurisdiction under § 6330 depends upon timely filing of a petition for review); *McCune v. Comm'r*, 115 T.C. 114, 117 (T.C. 2000) (same).

The parties discuss two provisions that a taxpayer can use to invoke the Tax Court's jurisdiction. The first is 26 U.S.C. § 6330, which applies to "notices of determination" that the IRS issues to levy on a taxpayer's property to collect unpaid but reported tax liabilities. (Section 6320(c) generally adopts the same procedures for IRS liens.) Before levying on property, the IRS must notify a taxpayer in writing of her right to a hearing to dispute the payment obligation. 26 U.S.C. § 6330(a). The taxpayer then has the option to request a CDP hearing. § 6330(b)(1). If the taxpayer timely requests a hearing, an impartial IRS appeals officer must review the grounds for relief that the taxpayer raises. § 6330(b), (c). A taxpayer may challenge penalties assessed for late payment and filing, as Gray did here, or even the underlying tax liability, if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."

§ 6330(c)(2)(B). After the hearing, the IRS issues a notice of determination, which is a ruling on whether the proposed levy or lien is justified in light of the taxpayer's objections. See § 6330(c)(3). The taxpayer may, "within 30 days of a determination under this section, appeal such determination to the Tax Court." § 6330(d)(1).

A second way that a taxpayer may invoke the jurisdiction of the Tax Court applies when the taxpayer receives a "notice of deficiency." A "deficiency" is the amount the IRS determines that the taxpayer owes, minus any amount the taxpayer may have reported on a tax return. See § 6211(a); *Murray v. Comm'r*, 24 F.3d 901, 903 (7th Cir. 1994). "Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." 26 U.S.C. § 6213(a); see also § 6212 (authorizing IRS to send notice of deficiency letters).

Gray's appellate arguments make a simple issue unnecessarily complicated. Gray chose to have a CDP hearing under § 6330 to challenge IRS levies, liens, and penalties. The hearing outcome was not favorable to her. Section 6330 establishes that Gray had "30 days [after] a determination under this section [to] appeal such determination to the Tax Court." 26 U.S.C. § 6330(d)(1). The notices of determination explicitly informed Gray of this 30-day time limit, and that the Tax Court could not consider untimely petitions. Gray concedes that she nonetheless waited more than 30 days before filing her petitions in the Tax Court. Because she mailed her petitions

more than 30 days after the notices of determination were sent, the Tax Court lacked jurisdiction under § 6330.

Gray attempts to avoid this conclusion by arguing that the 90-day limit under § 6213 for challenging "deficiency" notices applies to her. When a taxpayer raises in a CDP hearing an issue for which Congress has provided a more generous time limit, a taxpayer may have more than 30 days to file a petition in Tax Court concerning that issue. See *Gray v. Comm'r*, 138 T.C. 295, 305 (T.C. 2012) (in related case involving same taxpayer, 180-day period applied to abatement-of-interest claim under 26 U.S.C. § 6404(h)); *Raymond v. Comm'r*, 119 T.C. 191, 193-94 (T.C. 2002) (90-day period applied to spousal-relief claim under 26 U.S.C. § 6015(e)(1)(A)).

Gray's problem, though, is that she did not raise any issues that would entitle her to a more generous time limit in these cases. She concedes that the IRS did not assess a deficiency, as that term is defined in § 6211. A deficiency exists when a taxpayer underreports her liabilities, but Gray never paid the amounts that she reported herself (albeit several years late). See *Gray v. Comm'r*, 140 T.C. No. 9, at *5 (T.C. 2013). The IRS did not challenge the amounts Gray reported but merely assessed penalties for late filing and payment. See 26 U.S.C. § 6651(a)(1), (2). Although Gray challenged her penalties in the CDP hearing, these statutory penalties (technically "additions to" tax) are not themselves deficiencies. See 26 U.S.C. § 6665(b)(1) (deficiency procedures apply to statutory penalties only when the penalties are themselves attributable to a deficiency);

*Wilson v. Comm'r*, 118 T.C. 537, 540-41 (T.C. 2002); *Estate of Forgey v. Comm'r*, 115 T.C. 142, 147 (T.C. 2000). The IRS did not assert a deficiency or issue a notice of deficiency. Such a notice is a prerequisite for the Tax Court's jurisdiction under § 6213. See *Shepherd v. Comm'r*, 147 F.3d 633, 634 (7th Cir. 1998); *Murray*, 24 F.3d at 903. Accordingly, section 6213 did not give Gray 90 days to file.

Gray next argues that she would have proven that she had even more time — 180 days — to file her petition if the Tax Court had allowed her more time to find a lawyer. She bases her argument on 26 U.S.C. § 6404(h)(1), which sets a 180-day time limit for petitions contesting the denial of abatement of interest. Under our deferential standard of review of such matters of docket management, see *Kim v. Comm'r*, 679 F.3d 623, 626-27 (7th Cir. 2012) (Tax Court's denial of motion for continuance reviewed for abuse of discretion), the Tax Court did not abuse its discretion by denying Gray even more time to find a lawyer to argue for the 180-day limit. Gray had almost three years after starting her Tax Court appeal in 2008, including two continuances, to find a lawyer. Moreover, the Tax Court was solicitous of Gray's pro se status, allowing her to file several supplemental briefs after the hearing to argue for a more generous time limit.

In any case, we reject Gray's premise that a lawyer would have helped her persuade the Tax Court to apply the 180-day limit of 26 U.S.C. § 6404(h)(1). Gray insists that counsel would have offered evidence that she had sought to abate interest at the CDP hearing. But nothing

in the record of that hearing suggests that Gray actually sought interest abatement for the 2001-2004 tax years. Moreover Gray's pro se status did not prevent her from presenting pertinent evidence to the Tax Court, where it existed. Indeed, despite proceeding pro se, she persuaded the Tax Court in concurrent proceedings before the same judge that she sought to abate interest for the 1992-1995 tax years, and she thereby obtained a longer filing period for her dispute over those tax years. See *Gray v. Comm'r*, 138 T.C. 295, 303-05 (T.C. 2012).

The judgments of the Tax Court in these consolidated appeals are AFFIRMED.