**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-47

UNITED STATES TAX COURT

ERIC LAMART SANDERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9959-13S.                    Filed May 12, 2014.

Eric Lamart Sanders, pro se.

Alicia A. Mazurek, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463.[1]  Pursuant to section 7463(b), the decision to be

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at the time that the petition was filed, and all Rule

(continued...)

entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case for redetermination of a deficiency and a penalty is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed March 14, 2014. Respondent moves to dismiss this case on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502. As explained below, we shall grant respondent's motion.

## Background

The following is a summary of the relevant facts. Petitioner resided in the State of Michigan at the time that the petition was filed.

On Friday, February 1, 2013, respondent mailed a notice of deficiency dated February 2, 2013, to petitioner. In the notice, respondent determined a deficiency in petitioner's Federal income tax and a fraud penalty for 2009 of $24,051 and $17,798.25, respectively. The notice was sent to petitioner by certified mail addressed to him at his address in Troy, Michigan (hereinafter, the Troy, Michigan, address). The U.S. Postal Service delivered the notice of deficiency on Tuesday, February 5, 2013.

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.

The first page of the notice of deficiency states as follows: "Last Day to File a Petition With the United States Tax Court: May 3, 2012".[2] Ninety days after the date of the notice of deficiency (February 2, 2013) was May 3, 2013, a Friday.

On Monday, May 6, 2013, petitioner filed a petition with this Court seeking redetermination of the deficiency and a fraud penalty. The petition, which is dated Wednesday, May 1, 2013, was delivered to the Court by United Parcel Service, Inc. (UPS), a private delivery service, in an envelope bearing a UPS label dated May 2, 2013, and indicating that it had been sent by "UPS Ground" service.

The address listed on the petition by petitioner is the same Troy, Michigan, address to which the notice of deficiency was sent. The return address appearing on the UPS label on the envelope in which the petition was sent to the Court is the address for a UPS store in Troy, Michigan, an authorized agent for UPS.

In his petition, petitioner expressly references the February 2, 2013, notice of deficiency, and he attached a complete copy of that notice to his petition as an exhibit.

_____

[2] Obviously, the <u>year</u> appearing in the notice of deficiency as part of the "Last Day to File a Petition With the United States Tax Court" is incorrect and should instead be 2013. We regard the error to be so apparent as to be harmless.

Respondent filed his motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. In this regard, respondent contends that UPS Ground is not a "designated delivery service" within the meaning of section 7502. Therefore, according to respondent, the petition must be treated as filed not on May 2, 2013, the date appearing on the UPS label affixed to the envelope in which the petition was sent to the Court, but rather on May 6, 2013, the date that the petition was actually received and filed by the Court. If this view is correct, then the petition was not timely filed and the Court would be obliged to grant respondent's motion and dismiss this case for lack of jurisdiction.

## Discussion

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. See sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction to redetermine a deficiency is based on the issuance of a valid notice of deficiency and the timely filing of a petition.[3] Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27

---

[3] A taxpayer who challenges the validity of a notice of deficiency generally argues that the notice was not sent to the taxpayer at his or her last known address. In the instant case, petitioner has made no such argument; further, the record demonstrates that even if such argument were made it would be unavailing given that the notice was mailed to petitioner at the same address as that listed by him on his petition. Accordingly, the Court proceeds on the basis that the February 2,

(continued...)

(1989); <u>Normac, Inc. v. Commissioner</u>, 90 T.C. 142, 147 (1988). If it appears that this Court may lack jurisdiction to decide a case, then such issue must be addressed before proceeding further. <u>Gray v. Commissioner</u>, 138 T.C. 295, 296 (2012), <u>aff'd</u>, 723 F.3d 790 (7th Cir. 2013).

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice to the taxpayer by certified or registered mail. The taxpayer, in turn, has 90 days from the date that the notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day) to file a petition in this Court for redetermination of the deficiency.[4] Sec. 6213(a). A petition is timely if it is filed with the Court within 90 days after the notice of deficiency is mailed. <u>Id.</u>

The notice of deficiency was mailed on February 2, 2013, and the 90th day thereafter was Friday, May 3, 2013, which day was not a legal holiday in the District of Columbia. <u>See</u> sec. 7503; Rule 25(b). Therefore, Friday, May 3, 2013, was the last day for petitioner to timely file a petition with this Court. <u>See</u> sec.

---

[3](...continued)
2013, notice of deficiency is valid.

[4] If a notice is addressed to a person outside of the United States, then a 150-day filing period applies in lieu of the 90-day period. Sec. 6213(a).

6213(a). However, the petition was not received and filed by the Court until Monday, May 6, 2013.

A timely mailed petition may be treated as though it were timely filed. Sec. 7502(a). Thus, if a petition is received by the Court after the expiration of the 90-day period, it is nevertheless deemed to be timely filed if the date of the U.S. Postal Service postmark stamped on the envelope in which the petition was mailed is within the time prescribed for filing. Id.; sec. 301.7502-1, Proced. & Admin. Regs.

Petitioner did not use the U.S. Postal Service to mail his petition to the Court. Nevertheless, sending a petition by a designated private delivery service may also be treated as timely mailing. Sec. 7502(f)(1).

Section 7502(f)(1) provides as follows:

> SEC. 7502(f). Treatment of Private Delivery Services.--
>
> (1) In general.--Any reference in this section to the United States mail shall be treated as including a reference to any designated delivery service, and any reference in this section to a postmark by the United States Postal Service shall be treated as including a reference to any date recorded or marked as described in paragraph (2)(C) by any designated delivery service.

In Notice 2004-83, 2004-2 C.B. 1030, the Commissioner updated the list of companies and classes of delivery service that constitute designated private

delivery services for purposes of section 7502. Thus, effective January 1, 2005, and insofar as UPS is concerned, the list of designated private delivery services is as follows: UPS Next Day Air, UPS Next Day Air Saver, UPS 2nd Day Air, UPS 2nd Day Air A.M., UPS Worldwide Express Plus, and UPS Worldwide Express. See sec. 7502(f); Notice 2004-83, supra. UPS Ground has not been designated by the Commissioner as a private delivery service. Notice 2004-83, supra. Thus, the timely mailing/timely filing rule of section 7502 does not apply to "UPS Ground" service. See Raczkowski v. Commissioner, T.C. Memo. 2007-72 (holding in part that the timely mailing/timely filing rule of section 7502 does not apply to "UPS Ground" service because such service is not a designated private delivery service under Notice 2004-83, supra); see also Eichelburg v. Commissioner, T.C. Memo. 2013-269; Scaggs v. Commissioner, T.C. Memo. 2012-258.

Under these circumstances, we conclude that the petition was not filed within the requisite period prescribed by section 6213(a). Consequently, this case must be dismissed for lack of jurisdiction, and we shall therefore grant respondent's motion.

In so holding we acknowledge that the result may appear harsh, notwithstanding the fact that petitioner had nearly 90 days to file his petition but waited until the last moment to do so. However, the Court cannot rely on general

equitable principles to expand the statutorily prescribed time for filing a petition. See <u>Austin v. Commissioner</u>, T.C. Memo. 2007-11, 2007 WL 105522, at *4 (citing <u>Woods v. Commissioner</u>, 92 T.C. 776, 784-785 (1989)).  Further, although petitioner cannot pursue his case in this Court, he is not without a judicial remedy. Specifically, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and, if his claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 n.5 (1970).

 To reflect the foregoing,

        <u>An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered</u>.