**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-52


UNITED STATES TAX COURT


KIMBERLY G. ZELASKO, Petitioner, AND MICHAEL E. ZELASKO,
Intervenor <u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22893-12S.                    Filed June 11, 2014.


<u>Leonard W. Stauffenger</u>, for petitioner.

<u>David V. Difiore</u>, for intervenor.

<u>Katherine Lee Kosar</u>, for respondent.


SUMMARY OPINION


GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 in effect when the petition was filed.[1]  Pursuant to section 7463(b),

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

On June 15, 2012, the Internal Revenue Service (IRS) Office of Appeals (Appeals Office) issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6330 and Your Request for Relief From Joint and Several Liability Under Section 6015. The Appeals Office determined that (1) it was appropriate to proceed with a proposed levy action to collect tax due from petitioner for the taxable year 2007, and (2) petitioner was not eligible for relief from joint and several liability under section 6015 for that year. On September 13, 2012, petitioner filed with the Court a petition challenging so much of the notice of determination as denied her claim for spousal relief under section 6015. Intervenor, petitioner's former spouse, filed a timely notice of intervention pursuant to section 6015(e)(4).

Because the petition was filed within the 90-day period prescribed in section 6015(e)(1), we have jurisdiction to review the Appeals Office determination

---

[1](...continued)
Revenue Code, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

denying petitioner relief under section 6015.[2]  See Raymond v. Commissioner, 119 T.C. 191, 194 (2002).  Petitioner's eligibility for spousal relief is the sole issue for decision.

## Background

Some of the facts have been stipulated and are so found.  The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.  Petitioner resided in Ohio at the time the petition was filed.

Petitioner and intervenor are the parents of two children.  They were married throughout 2007, began living separate and apart in the first half of 2008, and were divorced in March 2010.[3]

## I.  Petitioner's Employment

During 2007 petitioner was employed as a registered nurse in the intensive care unit at Robinson Memorial Hospital (Robinson Memorial).  She earned

---

[2]Although petitioner does not dispute so much of the notice of determination as concerns the proposed levy action, we note that we lack jurisdiction to consider that matter because the petition herein was not filed within the 30-day period prescribed in sec. 6330(d)(1).  See Gray v. Commissioner, 138 T.C. 295 (2012), aff'd, 723 F.3d 790 (7th Cir. 2013).

[3]The record does not reflect the date that petitioner and intervenor were married.

$42,577 in wages that year and was credited with Federal and State income tax withholding of $4,357 and $1,393, respectively.

## II. Intervenor's Employment

During 2007 intervenor received nonemployee compensation of $59,077 for work he performed as an insurance consultant for Equity One Exteriors, Inc. (Equity One).

## III. Household Finances

Petitioner maintained a personal checking account at Huntington National Bank (Huntington). Petitioner deposited her paychecks in the Huntington account, and she testified that she paid all household expenses, including groceries, monthly mortgage payments, and utility expenses, from that account.

Petitioner stated that, although she was aware that intervenor was employed during 2007, she did not know how much he was paid for his work or the amount, if any, of his employment-related expenses.

Intervenor testified that he did not maintain a bank account during 2007 and that he either cashed his paychecks or deposited them in petitioner's Huntington account. He further testified that he routinely paid a portion of the household expenses and that petitioner had unrestricted access to a safe in the couple's home where he stored cash.

Petitioner denied that intervenor gave her any money to pay household expenses or that the couple had a safe where intervenor stored cash.

IV. Joint Tax Return for 2007

The parties do not dispute that petitioner and intervenor filed a joint Form 1040, U.S. Individual Income Tax Return, for 2007. The return was filed electronically on April 7, 2008. Remarkably, however, neither petitioner nor intervenor would admit at trial to having prepared and filed the return.

The wages that petitioner earned from Robinson Memorial during 2007 are reported on the return, and deductions for State and local taxes, mortgage interest, gifts to charities, and unreimbursed employee business expenses attributable to petitioner's work as a registered nurse are claimed on Schedule A, Itemized Deductions. Intervenor's nonemployee compensation of $59,077 from Equity One is omitted from the return.

The return included a claim for a refund in respect of an overpayment of $5,384. The IRS processed the return, and the $5,384 refund was electronically deposited in petitioner's Huntington account. Petitioner used the refund to pay household expenses. Intervenor did not receive any of the refund.

Petitioner testified that she provided her tax records for 2007 to intervenor with the expectation that he would prepare and file a tax return on her behalf and

that her filing status would be married filing separately. She further testified that intervenor subsequently assured her that a proper return had been filed and that no tax was due for 2007. Petitioner stated that she was not aware until sometime in 2009 that a joint return for 2007 had been filed or that a tax deficiency had been determined for that year.

Intervenor testified that he did not file the joint return for 2007. He further testified that he did not receive a Form 1099-MISC, Miscellaneous Income, from Equity One.[4]

V. Notice of Deficiency

On September 28, 2009, respondent mailed to petitioner and intervenor a joint notice of deficiency for 2007 determining a tax deficiency of $16,653 and an accuracy-related penalty of $3,331. The explanation of adjustments attached to the notice of deficiency shows that respondent included intervenor's nonemployee compensation from Equity One in gross income, accounted for certain computational adjustments, and computed the deficiency on increased taxable

---

[4]Although the parties do not dispute that Equity One issued a Form 1099-MISC to intervenor for 2007, a copy of the Form 1099-MISC was not made a part of the record, and there is no objective evidence as to when it was issued to intervenor or the address to which it was sent.

income of $56,001.[5]  The tax deficiency of $16,653 comprises additional income tax of $8,306 and self-employment tax of $8,347.[6]

Neither petitioner nor intervenor filed a petition for redetermination with the Court challenging the notice of deficiency.  Consequently, the IRS entered assessments against petitioner for the tax deficiency and the accuracy-related penalty determined in the notice of deficiency, along with statutory interest.

## VI.  Separation and Divorce

As previously mentioned, petitioner and intervenor separated sometime in the first half of 2008, and they were divorced on March 18, 2010.  The record includes a copy of the portion of the couple's divorce decree which addresses their tax matters.  It states in relevant part:

> The parties shall file amended tax returns (Federal, State and local) for their 2007 income taxes.  It is anticipated that such amended filing, with appropriate income corrections, will reduce the parties' 2007 federal tax liability, (currently at approximately $21,355), as well as the 2007 State of Ohio tax liability (in the approximate amount of $73.46).  Upon filing of the amended returns, and with all

---

[5]Respondent allowed a deduction for self-employment tax of $4,174 but reduced the deduction for miscellaneous items of $5,808 claimed on Schedule A by $1,098.

[6]Although the increased taxable income resulted in the elimination of the additional child tax credit of $1,027 claimed on the return under sec. 24(d), respondent increased the child tax credit under sec. 24(a) by a like amount resulting in a wash as to that item.

appropriate corrections made, the parties shall equally divide and equally and promptly pay any outstanding tax liabilities for said tax year 2007. If the amended returns result in any tax refunds, the parties shall equally divide such refunds. Said amended tax returns shall be filed no later than May 1, 2010. If either party refuses to cooperate in such amended tax filing, and the tax filing is appropriately and legally prepared, he or she shall be liable for the full amount of the current outstanding tax obligations for tax year 2007 (indemnifying and holding the other party harmless thereon).

Petitioner testified that she contacted intervenor on several occasions to attempt to prepare and file an amended tax return for 2007 but he would not cooperate. Because she lacked information regarding intervenor's income and employment-related expenses, a fact that intervenor admitted at trial, petitioner was unable to prepare the amended return on her own.

Although intervenor testified that he filed an amended return for 2007, the IRS had no record of receiving an amended return. Intervenor further testified that he submitted an offer-in-compromise to the IRS in respect of his tax liability for 2007 but his offer was denied.

## VII. Collection Activity and Petitioner's Request for Spousal Relief

On December 20, 2010, respondent mailed to petitioner and intervenor a Final Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of their unpaid tax liability for 2007. On January 14, 2011, petitioner submitted to the IRS a Form 8857, Request for Innocent Spouse Relief, seeking relief from

joint and several liability for the taxable years 2007 and 2008.[7]  On January 19, 2011, petitioner submitted to the IRS a Form 12153, Request for a Collection Due Process or Equivalent Hearing, indicating that she was seeking spousal relief.

Petitioner's statements in the Form 8857 are largely consistent with her testimony at trial, and she asserted therein that intervenor should be solely responsible for any income tax attributable to his nonemployee compensation. Petitioner reported that she has a college degree in nursing, she was not a victim of spousal abuse or domestic violence during 2007, she did not incur any large expenses during the period in question, and she did not have a medical or physical health problem at the time the return for 2007 was filed or at the time she submitted the Form 8857.  Petitioner included with the Form 8857 a schedule showing that her monthly expenses exceeded her monthly income by $188.

Petitioner testified that she will suffer economic hardship if she is denied spousal relief for 2007.  At the time of trial she was earning approximately $42,000 to $45,000 per year, and she provided support for her 12-year-old daughter who was living with her and attending public school.  Although intervenor was obliged to make child support payments of $200 per month to

[7]Although petitioner's Form 8857 includes a request for spousal relief for the taxable year 2008, that matter is not before the Court in this proceeding.

petitioner, she testified that he often failed to do so. Petitioner did not present any objective evidence at trial in respect of her monthly expenses.

Petitioner testified that she has been in compliance with her Federal income tax obligations for all years after 2007. Petitioner's account transcript for 2007 indicates that she had an overpayment of $6,590 for the taxable year 2009, and on April 15, 2010, respondent applied that amount to her account for 2007.

VIII. Administrative Proceedings

Petitioner's claim for spousal relief and her request for review of the proposed levy action initially were assigned to different IRS units. The unit considering her claim for spousal relief made a preliminary determination in March 2011 to grant partial relief. However, that decision was never finalized, and the matter was referred to the Appeals Office for consideration in conjunction with petitioner's request for review of the proposed levy action.

On September 28, 2011, intervenor submitted to the IRS a Form 12509, Statement of Disagreement, alleging that he shared all of his earnings with petitioner and that he and petitioner should share equal responsibility for any unpaid income tax for 2007.

The administrative proceeding concluded when the Appeals Office issued to petitioner the notice of determination upon which the petition in this case is based.

## Discussion

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). If certain requirements are met, however, an individual may be relieved of joint and several liability under section 6015.

The Court applies a de novo scope and standard of review in deciding whether a taxpayer is entitled to relief under section 6015. See Wilson v. Commissioner, 705 F.3d 980, 993-994 (9th Cir. 2013), aff'g T.C. Memo. 2010-134; Porter v. Commissioner, 132 T.C. 203, 210 (2009). Except as otherwise provided in section 6015, the taxpayer (requesting spouse) bears the burden of proving entitlement to relief. Rule 142(a); Porter v. Commissioner, 132 T.C. at 210; Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004).

Three forms of relief are available under section 6015. In general, section 6015(b) provides full or apportioned relief from joint and several liability for understatements of tax on a return, section 6015(c) provides apportioned relief in respect of a deficiency to taxpayers who are divorced or separated, and in certain

circumstances section 6015(f) provides equitable relief from joint and several liability if relief is not available under subsection (b) or (c).

I. Section 6015(b)

To be eligible for relief under section 6015(b), the requesting spouse must establish, inter alia, that the understatement of tax is attributable to erroneous items of the nonrequesting spouse and, in signing the return, the requesting spouse "did not know, and had no reason to know" of the understatement of tax. Sec. 6015(b)(1)(B) and (C). In cases involving omitted income, the requesting spouse normally will have reason to know of an understatement if she had knowledge of the transaction giving rise to the income. See Greer v. Commissioner, 595 F.3d 338, 346 (6th Cir. 2010), aff'g T.C. Memo. 2009-20; Cheshire v. Commissioner, 115 T.C. 183, 192-193 (2000), aff'd, 282 F.3d 326, 332-334 (5th Cir. 2002).

The understatement of tax on the joint return for 2007 is attributable to the omission of nonemployee compensation that intervenor received from Equity One. Petitioner admittedly was aware that intervenor was compensated for work he performed for Equity One during 2007, and she knew that "Some of his jobs were cash jobs." Therefore, even if petitioner was unaware of the exact amount that intervenor earned during 2007, she had reason to know of the omitted income and is not eligible for relief under section 6015(b).

## II.  Section 6015(c)

Under section 6015(c), a divorced or separated spouse may elect to limit liability for a deficiency on a joint return to the portion allocable to him or her.  A taxpayer can make a valid election only if:  (1) the taxpayer is divorced or is legally separated from his or her spouse; (2) the taxpayer makes a timely election; and (3) the Secretary does not demonstrate that the taxpayer had actual knowledge at the time the taxpayer signed the return of an item giving rise to a deficiency or a specific portion thereof.  Sec. 6015(c)(3)(A), (B), and (C); see Cheshire v. Commissioner, 115 T.C. at 195; Stergios v. Commissioner, T.C. Memo. 2009-15.

Petitioner and intervenor were divorced at the time she submitted her claim for spousal relief, and respondent does not dispute that her election for relief was timely.  Respondent asserts, however, that petitioner's request for relief under section 6015(c) is invalid because, at the time the joint return was filed, she had actual knowledge of intervenor's nonemployee compensation.

The rules pertaining to a requesting spouse's actual knowledge are set forth in section 1.6015-3(c)(2), Income Tax Regs.  See Cheshire v. Commissioner, 115 T.C. at 195 (the knowledge standard for purpose of section 6015(c)(3)(C) is an actual and clear awareness of the existence of the item giving rise to the deficiency).  In the case of omitted income, knowledge of the item includes

knowledge of the receipt of the income. Sec. 1.6015-3(c)(2)(i)(A), Income Tax Regs. If a requesting spouse had actual knowledge of only a portion of an erroneous item (including omitted income), then relief is not available for that portion of the erroneous item. Sec. 1.6015-3(c)(2)(ii), Income Tax Regs. We do not infer actual knowledge from a mere reason to know of the omitted income. Sec. 1.6015-3(c)(2)(iii), Income Tax Regs.; see McDaniel v. Commissioner, T.C. Memo. 2009-137.

Although we conclude that petitioner had reason to know that intervenor earned nonemployee compensation during 2007, we are not persuaded on this record that she had an actual and clear awareness that Equity One paid him a total of $59,077. The evidentiary record comes up well short of providing the Court with a complete and accurate picture of the Zelaskos' finances during 2007. Neither petitioner's testimony that intervenor shared none of his earnings with her, nor intervenor's testimony that he shared all with petitioner, impressed the Court as completely candid and forthright, and there are no bank records that would corroborate either story. The truth undoubtedly lies somewhere between the two extremes. Considering all of the circumstances, we conclude that petitioner had actual knowledge that intervenor earned at least $20,000 of nonemployee compensation during 2007. It follows that petitioner's section 6015(c) election is

invalid in respect of so much of the deficiency as is attributable to $20,000 of intervenor's nonemployee compensation that was omitted from the joint return. See sec. 1.6015-3(c)(4), Example (4)(iii), Income Tax Regs. (where the requesting spouse knew that the nonrequesting spouse had income from his business but did not know the exact amount, her section 6015(c) election was valid except insofar as she knew the minimum amount of his earnings from the business). Consequently, petitioner remains jointly and severally liable for so much of the deficiency (self-employment tax and income tax) and the accuracy-related penalty as is attributable to $20,000 of omitted nonemployee compensation.[8]

Petitioner's section 6015(c) election is valid, however, in respect of the $39,077 balance of intervenor's nonemployee compensation. We turn to the question of the proper allocation of the portion of the deficiency and the accuracy-related penalty under section 6662(a) attributable to the omission of $39,077 of intervenor's income from the joint return.

---

[8]We expect the parties to compute the exact amount of petitioner's joint and several liability under Rule 155. Respondent must also account for the application of petitioner's tax refund of $6,590 for 2009 to her account for 2007.

III. Allocation of the Deficiency

Generally, a spouse who is eligible for relief under section 6015(c) is allocated a portion of the joint return deficiency in proportion to the net amount of items taken into account in computing the deficiency that is allocable to the electing spouse. Sec. 6015(d)(1); see Hopkins v. Commissioner, 121 T.C. 73, 81 (2003). As an exception to this general rule, disallowed credits and taxes other than income and alternative minimum tax (e.g., self-employment tax) are treated separately in making this allocation, rather than being aggregated with all other items to which the deficiency is attributable. Sec. 6015(d)(2). Aside from these exceptions, any item giving rise to a deficiency on a joint return generally shall be allocated to the individuals filing the joint return in the manner in which it would have been allocated if the individuals had filed separate returns. Sec. 6015(d)(3)(A); see Hopkins v. Commissioner, 121 T.C. at 82-83.

Erroneously omitted items of income normally are allocated to the spouse who was the source of the income. Sec. 1.6015-3(d)(2)(iii), Income Tax Regs. An exception arises, however, in respect of an item (in this context a disallowed deduction or credit) that otherwise would be allocated to the nonrequesting spouse to the extent that the requesting spouse received a tax benefit as a result of the item on the joint return. Sec. 6015(d)(3)(B); sec. 1.6015-3(d)(2)(i), Income Tax

Regs.; see Mora v. Commissioner, 117 T.C. 279, 293-294 (2001). Accuracy-related or fraud penalties are allocable to the spouse whose item generated the penalty. Sec. 1.6015-3(d)(4)(i)(B)(5), (iv)(B), Income Tax Regs.

A. Tax Benefit

As mentioned above, a tax benefit arises within the meaning of section 6015(d)(3)(B) if the requesting spouse reduces the amount of his or her tax by claiming an erroneous deduction or credit. See sec. 1.6015-3(d)(5), Example (5)(ii), Income Tax Regs. The omission of intervenor's nonemployee compensation from gross income on the joint return did not provide a tax benefit of this sort to petitioner. Although the omission of intervenor's nonemployee compensation artificially inflated the amount of the additional child tax credit reported on the joint return, see sec. 24(d), the disallowance of the additional child tax credit in the notice of deficiency was wholly offset by an increase in the child tax credit under section 24(a), resulting in a wash as to those items.

B. Self-Employment Tax and Income Tax

Although section 6015(d)(2) requires a separate allocation in respect of the portion of a deficiency attributable to self-employment tax, so much of the deficiency as is attributable to $39,077 of intervenor's omitted nonemployee compensation is allocated solely to intervenor whether the self-employment tax

and the income tax portions of the deficiency are considered separately or together.  In short, in accordance with section 6015(d)(3)(A), intervenor's omitted income is allocated to intervenor as it would have been allocated if he had filed a separate return for 2007.  In the absence of an exception to the general rule, the portion of the deficiency attributable to that item likewise is allocated to intervenor.  Sec. 6015(d)(1).

C.  Accuracy-Related Penalty

Consistent with the preceding discussion, the portion of the accuracy-related penalty attributable to $39,077 of intervenor's omitted nonemployee compensation also is allocated to intervenor.  Sec. 1.6015-3(d)(4)(iv)(B), Income Tax Regs.

IV.  Section 6015(f)

Section 6015(f) grants the Commissioner discretion to relieve an individual from joint liability, where relief is not available under section 6015(b) or (c), if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or deficiency.  The Commissioner recently prescribed revised guidelines in Rev. Proc. 2013-34, 2013-43 I.R.B. 397, modifying and superseding Rev. Proc. 2003-61, 2003-2 C.B. 296, that are considered in determining whether it is inequitable to hold a requesting spouse

liable for all or part of the liability for any unpaid tax or deficiency.[9]  Although the Court consults these guidelines when reviewing the Commissioner's denial of relief, see Washington v. Commissioner, 120 T.C. 137, 147-152 (2003), we are not bound by them inasmuch as our analysis and determination ultimately turn on an evaluation of all the facts and circumstances, see Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011); Porter v. Commissioner, 132 T.C. at 210; Hudgins v. Commissioner, T.C. Memo. 2012-260, at *39-*40.

A.  Threshold Conditions

Rev. Proc. 2013-34, sec. 4.01, 2013-43 I.R.B. at 399, sets forth seven threshold conditions that must be satisfied before the Commissioner will consider a request for equitable relief under section 6015(f).  There is no dispute that petitioner satisfies each of the seven threshold conditions.

B.  Streamlined Determinations Granting Relief

Rev. Proc. 2013-34, sec. 4.02, 2013-43 I.R.B. at 400, sets forth elements that a requesting spouse must satisfy to qualify for a streamlined determination

---

[9]Rev. Proc. 2013-34, sec. 7, 2013-43 I.R.B. 397, 403, makes the guidelines effective for requests for relief filed on or after September 16, 2013, and requests for equitable relief pending on September 16, 2013, whether before the IRS, the Office of Appeals, or a Federal court.

under section 6015(f).[10]  As is relevant here, petitioner does not qualify for streamlined relief because (as discussed above) she had reason to know of the omitted nonemployee compensation that gave rise to the deficiency.

C.  Facts and Circumstances Analysis

Where a requesting spouse meets the threshold conditions but fails to qualify for streamlined relief, the Commissioner may nevertheless grant relief after considering the following nonexclusive list of factors set forth in Rev. Proc. 2013-34, sec. 4.03, 2013-43 I.R.B. at 400:  (1) whether the requesting spouse is separated or divorced from the nonrequesting spouse; (2) whether the requesting spouse will suffer economic hardship if relief is not granted; (3) whether on the date the joint return was filed the requesting spouse did not know and had no reason to know of the item giving rise to the understatement or deficiency; (4) whether the requesting or  nonrequesting spouse has a legal obligation to pay the

_____

[10]Rev. Proc. 2013-34, sec. 4.02, 2013-43 I.R.B. at 400, permits relief if all the following elements are satisfied:  (1) on the date the IRS makes its determination, the requesting spouse is no longer married to, or is legally separated from, the nonrequesting spouse, is a widow or widower and is not an heir to the nonrequesting spouse's estate that would have sufficient assets to pay the tax liability, or has not been a member of the same household as the nonrequesting spouse at any time during the 12-month period ending on the date the IRS makes its determination; (2) the requesting spouse will suffer economic hardship if relief is not granted; and (3) on the date the joint return was filed, the requesting spouse did not know or have reason to know of the item giving rise to the understatement or deficiency.

tax liability pursuant to a decree of divorce or other agreement; (5) whether the requesting spouse received a significant benefit from the unpaid income tax liability or understatement; and (6) whether the requesting spouse has made a good-faith effort to comply with the Federal income tax laws for the taxable years following the taxable year(s) to which the request for relief relates. Two additional factors that the Commissioner may consider in favor of granting relief are whether: (1) the nonrequesting spouse abused the requesting spouse, and (2) the requesting spouse was in poor mental or physical health at the time the joint return was filed or when the requesting spouse requested relief. See id. sec. 4.03(2)(c)(iv), (g), 2013-43 I.R.B. at 402, 403.

### 1. Marital Status

Petitioner and intervenor were divorced at the time the IRS issued its determination. The marital status factor weighs in favor of relief.

### 2. Economic Hardship

Economic hardship exists if satisfying the tax liability in whole or part would cause the requesting spouse to be unable to pay reasonable basic living expenses.[11] Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.; Rev. Proc. 2013-

---

[11]A taxpayer's ability to pay basic living expenses is determined by considering, among other factors: the individual's age, employment status and

(continued...)

34, sec. 4.03(2)(b), 2013-43 I.R.B. at 401. In analyzing the economic hardship factor, we look to the taxpayer's economic circumstances at the time of trial. Porter v. Commissioner, 132 T.C. at 211 n.7.

Petitioner testified that she will suffer economic hardship if relief is not granted. She did not, however, offer any financial records at the time of trial to corroborate her testimony. Considering the limited information in the record that is relevant to this factor, including petitioner's salary at the time of trial, we are unable to conclude that petitioner will suffer economic hardship if relief is not granted. See Sriram v. Commissioner, T.C. Memo. 2012-91. Consequently, the economic hardship factor is neutral.

### 3. Knowledge

As previously discussed, we conclude that petitioner had reason to know of intervenor's nonemployee compensation and had actual knowledge that he

---

[11](...continued)
history, ability to earn, and number of dependents; the amount reasonably necessary for food, clothing, housing, medical expenses, transportation, and current tax payments; the cost of living in the geographic area in which the taxpayer resides; and any extraordinary circumstances. See sec. 301.6343-1(b)(4)(ii), Proced. & Admin. Regs. While an inquiry into the reasonableness of basic living expenses considers the individual taxpayer's unique circumstances, it does not require an allowance to maintain affluent or luxurious standards of living. See sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.

received compensation of $20,000 from Equity One during 2007. This factor weighs against relief.

### 4. Legal Obligation

The divorce decree governing the termination of petitioner and intervenor's marriage provided that they would cooperate in filing an amended return for 2007 and share the liability equally. Intervenor admitted at trial that petitioner was not in a position to prepare an amended tax return reporting his nonemployee compensation and any deductions related thereto. We are not convinced that intervenor made a good-faith effort to prepare and file an amended return. On this record, we conclude that the legal obligation factor is neutral.

### 5. Significant Benefit

This factor calls for an evaluation of whether petitioner benefited, directly or indirectly, from the understatement of tax. Sec. 1.6015-2(d), Income Tax Regs. "A significant benefit is any benefit in excess of normal support." Id. On this record, we cannot say that petitioner received any benefit beyond normal support in respect of intervenor's nonemployee compensation and the understatement of tax related thereto. We therefore conclude that this factor weighs in favor of relief.

6. <u>Compliance With Income Tax Laws</u>

Petitioner testified at trial that she has fully complied with her tax obligations since 2007. Respondent asserted in his posttrial brief that petitioner was late in filing her tax return for 2009. Although there is a passing reference to this matter in the administrative record, there is no objective evidence to support the assertion that petitioner has failed to comply with her tax obligations. This factor weighs in favor of relief.

7. <u>Mental/Physical Health</u>

Petitioner was not in poor mental or physical health at the time the joint return was filed or when she submitted her request for spousal relief. This factor is neutral.

8. <u>Abuse</u>

Petitioner was not abused by intervenor in any way, and there is no evidence that he attempted to rigidly control household finances or deny her access to financial records. This factor is neutral.

D. <u>Conclusion</u>

Considering all the facts and circumstances, we are not persuaded that it would be inequitable to deny petitioner spousal relief under section 6015(f). As the preceding discussion shows, there are factors that weigh in favor of and

against relief and several factors that are neutral. Our decision whether relief is appropriate, however, is not based on a simple tally of those factors. See, e.g., Hudgins v. Commissioner, at *39-*40. Petitioner has obtained a significant measure of relief under section 6015(c). Considering that she was aware of a portion of the omitted income, and in the absence of economic hardship, we conclude that it would not be inequitable to deny petitioner further relief under section 6015(f).

To reflect the foregoing,

Decision will be entered

under Rule 155.